GOAD v. STATE.

(*Nashville.* December 22, 1900.)

1. INFAMY. *Of juror.*

Objection that juror is disqualified by a sentence of infamy is *propter defectum*, and comes too late after verdict. (*Post, pp. 176, 177.*)

Cases cited: McClure v. State, 1 Yer., 206; Cartwright v. State, 12 Lea, 620; Draper v. State, 4 Bax., 246; Gillespie v. State, 8 Yer., 507; Hamilton v. State, 101 Tenn., 418; Givens v. State, 103 Tenn., 666.

2. SAME. *Shown by record.*

The fact of infamy, when relied upon, must be proved by production of the record. (*Post, pp. 176, 177.*)

3. PERJURY. *Facts insufficient to support conviction.*

The facts set out in the opinion are held insufficient to support conviction for perjury. (*Post, pp. 177–180.*)

---

FROM MACON.

---

Appeal in error from Circuit Court of Macon County. HON. WM. T. SMITH, J.

I. L. ROARK and F. E. FAUST for Goad.

Attorney-General PICKLE for State.

WILKES, J. Defendant is convicted of perjury, and sentenced to the penitentiary for three years, and has appealed.

Goad *v.* State.

'It is said in his behalf that a new trial should have been granted because one of the jurors who tried the case was incompetent.

It appears from the sworn statement of Elijah Snider, the objectionable juror, that he was convicted in the Federal Court at Nashville of robbing the mail while he was a mail carrier. No record of his conviction, nor of the sentence upon it, was produced. The affidavit states that he was sent to a reformatory school in New York for the offense, being at the time about seventeen years of age, and that it had been seven years since he was discharged.

This is not sufficient ground for reversal. It does not appear that this conviction for robbing the mails carries with it, under the Federal Statute, a sentence of infamy, nor that one was pronounced by the Court. The fact of the conviction is not shown by the record of the Federal Court, nor is the character and extent of the sentence. It does not appear that Snider was sentenced to the penitentiary; on the contrary, it appears he was sent to a reformatory school. The objection was not made until after verdict. It is an objection *"propter defectum,"* and must have been made before the verdict; and ignorance of the fact does not excuse the omission. *McClure* v. *The State,* 1 Yer., 206; *Cartwright* v. *The State,* 12 Lea, 620; *Draper* v. *The State,* 4 Bax.; 246; *Gillespie* v. *The State,* 8 Yer., 507; *Hamil-*

*ton* v. *The State,* 17 Pickle, 418; *Givens* v. *The State,* 19 Pickle, 666.

It is said that the evidence in the case does not warrant the conviction, because the matter sworn to was not material to the issues involved in the suit in which the affidavit was made, and because the swearing was not corruptly or knowingly false, but was simply a mistake of law upon the defendant's part. It appears that one Lyle had sold the defendant a half interest in a sawmill, that he gave his notes for the same, and a lien was retained on the half interest to secure the notes. Lyle filed a bill to obtain judgment on these notes, and to subject the half interest in the mill, and did recover judgment for $482.66, but the decree ordered the entire mill in question to be sold to satisfy the judgment. This seems to have been done by agreement. The mill was sold, but when and for how much does not appear. An execution issued for the balance not paid from its proceeds, and was levied on a one-fifth interest of defendant, Goad, in another tract of land. It was sold and deed made to Lyle. Thereupon Lyle, Wood, and Sullivan filed a bill to partition this land, and to set aside as fraudulent a deed made by Goad to his wife of his interest in it, and an amended bill was filed to stay waste. In this case a deposition was given by Goad, in which he stated that before

22 P—12

the mill was sold by the Court he had sold and transferred it to Harlan & Wooten to pay the judgment of the Supreme Court, and they were to satisfy the same, and that he understood it was satisfied by them.

Wooten testified that pending the litigation in regard to the mill, and as a condition for a continuance, an agreement was entered into by himself and Harlan, as attorneys for Lyle, and Mr. Roark, an attorney representing the defendant, that the whole of the mill should stand good for whatever recovery Lyle might get in said cause, instead of merely the one-half interest which had been attached originally; but that he did not purchase the mill nor agree to satisfy Lyle's judgment, and that he made no other agreement except as stated. Harlan proved substantially the same thing; as a matter of fact the whole mill was sold to satisfy the judgment. Defendant's explanation is that he had reference in his deposition to the agreement made with Wooten & Harlan that the whole mill was to stand for the recovery, and satisfy the same, as it was worth twice the amount of the debt, and that he told them, after the case was decided in the Supreme Court, that he had agreed the mill was to go that way, and to take it. It appears that Goad, after this agreement, continued to litigate his liability upon the original debt upon which the judgment was rendered, and

Goad *v.* State.

when asked to explain why he did this, said he did not understand the inquiry.

We do not think this makes out a case of willful and corrupt false swearing. The defendant probably understood that by letting the whole mill stand for whatever might be recovered, instead of the half interest that was attached, he had in effect satisfied or provided for the debt. His continuing to litigate the justice of the original claim seems to be inconsistent with this view, but we think he did this under the belief that the demand was an unjust one, and that if it was defeated, the mill would not be taken from him under the agreement that it was to stand for whatever recovery was had.

It appears that the partition suit failed, because the complainants failed to introduce the judgment, execution, and report of sale of Goad's interest in the land, and it is evident that in the absence of such proof complainants did not show any interest in or title to the land. The decree of the Court must have been the same, even if the defendant had not sworn in the case, and in that sense it was immaterial, but we do not base our holding on this feature. We think there is not that clear evidence of knowledge of the falsity of the statement necessary to make out a case of perjury, but that it is simply a case of misunderstanding as to what the agreement really was or what its effect would be,

and defendant characterized the matter as a satisfaction when in fact it was only a mode by which satisfaction would be made.

The judgment of the Court below will be reversed, and cause remanded for a new trial. State will pay costs.