## FRANKLIN v. KRIEGSHABER.

1. When a defendant brings to this court for review a judgment overruling a demurrer to a petition, and the judgment is affirmed, the surety on a supersedeas bond given by the defendant is liable only for the costs of prosecuting the writ of error in this court, and not for the amount of the verdict which may finally be rendered in the case.
2. A pauper affidavit filed for the purpose of relieving the plaintiff in error and his counsel from the payment of the costs accruing in this court must be entitled in the cause referred to in the bill of exceptions, or otherwise show upon its face that it is connected therewith.

Argued February 17, — Decided March 12, 1902.

Motion to set aside judgment. Before Judge Reid. City court of Atlanta. May 4, 1901.

*George L. Bell* and *C. P. Goree*, for plaintiff in error.
*Slaton & Phillips*, contra.

COBB, J. Franklin sued the Southern Agricultural Works for damages. The defendant filed a demurrer to the petition, which was overruled, and to this judgment he excepted, and filed in the office of the clerk of the trial court a supersedeas bond executed in accordance with the provisions of Civil Code, § 5552, upon which Kriegshaber became surety. The judgment overruling the demurrer was affirmed by this court. See *Southern Agricultural Works* v. *Franklin*, 111 *Ga.* 319. While the case was pending in the trial court the defendant was adjudicated a bankrupt, and upon motion Parrott, as trustee in bankruptcy, was made a party defendant to the case. The case then proceeded to trial and resulted in a verdict in favor of the plaintiff for $250. Upon this verdict counsel for plaintiff entered a judgment against Parrott as trustee, and Kriegshaber as surety on the supersedeas bond above referred to. Kriegshaber filed a motion to set aside the judgment, so far as it purported to affect him, and this motion was sustained by the court. To this ruling Franklin excepted.

1. The supersedeas bond upon which Kriegshaber was surety was simply an undertaking on his part to pay " the eventual condemnation-money and all subsequent costs " which might be assessed by reason of the defendant having excepted to the judgment overruling the demurrer. If the judgment was affirmed, Kriegshaber was to be liable as surety for the amount for which judgment could

have been entered against his principal at the time the remittitur containing the judgment of this court was entered upon the minutes and made the judgment of the trial court; that is, for the amount for which the judgment of this court made him liable. His undertaking went to this extent, but no further. Such being the case, his liability as surety was simply to pay the costs of prosecuting the writ of error to this court. When he has paid this, he has satisfied in full the obligation which he has undertaken. *Oliver* v. *State,* 66 *Ga.* 602. See also, in this connection, *Bryan* v. *Simpson,* 92 *Ga.* 307 ; 2 Cyc. Law & Pro. 951, note 97. Kriegshaber was not liable for any further amount than that above referred to ; the judgment entered against him for the amount of the verdict subsequently rendered in the case was improper, and the court did right in setting the same aside.

2. When this case was called the clerk, as it was his duty to do, called attention to the fact that the costs which had accrued in this court had not been paid. Counsel for plaintiff in error relied upon an affidavit which is contained in the record, to relieve both the plaintiff in error and himself · from liability for these costs. The caption of this affidavit was as follows: " R. V. Franklin *v.* Southern Agricultural Works. In the City Court of Atlanta." Then follows an affidavit by the plaintiff reciting that he is " plaintiff in error in a bill of exceptions filed in the above-stated case," and because of poverty is unable to pay the costs in the case. There was nothing on the face of this·affidavit to connect the same with the case contained in the record, which was the case of R. V. Franklin *v.* V. H. Kriegshaber. A pauper affidavit filed for the purpose of relieving the plaintiff in error and his counsel from the costs in this court must show that it is connected with the case in which it is to be used. The case stated in the pauper affidavit now under consideration is not the case referred to in the bill of exceptions ; and for this reason the same can not be considered, and will not be received in lieu of the payment of costs. In *Parks* v. *State,* 110 *Ga.* 760, it was ruled that an affidavit filed for the purpose of bringing a case to this court in forma pauperis must be entitled in the cause, or otherwise on its face affirmatively show its relation thereto, or it will not be treated as sufficient to relieve the plaintiff in error, or his attorney, from paying the costs accruing in this court. In that case the affidavit did not at all show to what case it related.

An affidavit which shows that it relates to an entirely different case is upon the same principle insufficient for the purpose of relieving the plaintiff in error, or his attorney, from paying the costs in this court. See also, in this connection, *Hill* v. *Fertilizer Co.*, 112 *Ga.* 792, and cases cited.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*