## WALLACE *v.* THE STATE.

1. That the court omitted or declined to charge the jury, before they retired to make up their verdict, concerning a pertinent legal proposition is not cause for a new trial, when, after the jury had returned and asked for additional instructions, the court in a recharge to them fully covered this feature of the case.

2. Allusion to a matter extrinsic to the record by counsel in the argument of a case will not constrain the court to declare a mistrial in every instance. It is only when the foreign matter injected in the case by the argument is of such a prejudicial nature that a rebuke of the statement by counsel, and an instruction to the jury, in the discretion of the court, will be incommensurate to remove any improper impression from the minds of the jurors, that a mistrial should be declared.

3. The sentence imposed upon a prisoner convicted of a misdemeanor should express the full punishment which the trial judge may, in a wise exercise of the discretion vested in him by the Penal Code, § 1039, deem merited by the prisoner because of the offense committed by him, without regard to what his future conduct may be and independently of any contingency which may arise after sentence has been pronounced and the court has lost the power to impose punishment on him. A penalty to be inflicted upon him in the event he shall subsequently apply for relief from his sentence to jail imprisonment can not legally be imposed; nor, if he be sentenced to five months in jail, can the court legally impose as an additional alternative punishment, in the event he fails to pay a fine, another definite term of six months imprisonment in jail.

Argued October 16,—Decided November 14, 1906.

Indictment for keeping gaming-house.    Before Judge Cann. Chatham superior court.    June 30, 1906.

*Robert L. Colding,* for plaintiff in error.

*W. W. Osborne, solicitor-general,* contra.

Evans, J.    The defendant was convicted of the offense of keeping and maintaining a gaming-house. He made a motion for a new trial, which was overruled by the court, and he sued out a writ of error complaining of the overruling of his motion.

1. The substance of several of the grounds of the amendment to his motion is that the court in its charge to the jury omitted and on request declined to inform them that if the accused was merely engaged in gaming, he would not be guilty of the offense charged. There is no merit in the complaint thus presented, for it affirmatively appears from the record that in a recharge to the jury the court gave them the following explicit instruction: If the accused "merely gambled in a house, he would not be guilty unless he did some act in furtherance of the maintenance or keeping of a gaming-house."

2. In the course of his argument before the jury the solicitor-general made the statement that "young men go up to that place and possibly lose their money," whereupon the accused asked that a mistrial be declared because of this remark by the solicitor. The court declined to order a mistrial, but instructed the jury that they were not to consider the statement made by the solicitor, and should eliminate the same from their consideration; that there was no such evidence, and therefore the State's counsel could not so comment or make any such statement. The improper remark of the solicitor was not, we think, of such an inflammatory and prej-

udicial nature as to constrain the granting of a mistrial upon the idea that the impression it was calculated to produce upon the jury could not be effectually overcome by instructions from the court to disregard it. *Patterson* v. *State, 124 Ga.* 408.

3. The sentence imposed upon the accused was as follows: "This not being the defendant's first offense, it is ordered and considered that the said defendant, S. J. Wallace, alias 'Peg Leg' Wallace, do pay within five days a fine of seven hundred and fifty dollars ($750) and all costs, and also be imprisoned in the common jail of Chatham county for the space and term of five months. In the event that the defendant should apply for relief from the jail sentence, then it is ordered that the defendant be put to work in the chain-gang of Chatham county, on the public works, or such other works as the county authorities may employ the chain-gang, for the space and term of three months. In the event the fine and costs above stated are not paid, it is ordered that the defendant be confined in the common jail of Chatham county for the term of six months, the jail sentence for the failure, if any, to pay the fine and costs to be served first, and the other jail sentence to begin on the date of payment of fine and costs or upon the termination of the jail sentence for such failure, as the case may be." Complaint is made in the bill of exceptions that the court was without authority to impose such a sentence.

The only sentence which the court could lawfully impose upon one convicted of the offense of keeping and maintaining a gaming-house was a sentence in conformity with the provisions of the Penal Code, § 1039. That section provides that "Every crime declared to be a misdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public works, or on such other works as the county authorities may employ the chain-gang, not to exceed twelve months, and any one or more of these punishments may be ordered in the discretion of the judge." The sentence passed upon the defendant was, that he pay, within five days, a fine of $750 and the costs; that he be imprisoned in the common jail for five months, and, if he applied for relief from this jail sentence, he should, as a fitting penalty therefor, be confined in the chain-gang for three months. While it is clear that a judge may, in the exercise of a sound discretion, impose not only a fine and a jail sentence, but

also punishment by confinement in the chain-gang, it is equally clear that the section of the code just cited does not contemplate that any one of these punishments should be meted out to the criminal as a penalty for applying to the proper authorities for relief from a portion of his sentence for the offense for which he was convicted, or should be used as a deterrent upon him to prevent him from seeking such relief after the power of the court to inflict punishment upon him has been exhausted. The sentence should express the full punishment which the court may, in its wisdom, deem fit for the criminal offense committed, without regard to what the future conduct of the prisoner may be, and independently of any contingency which may arise subsequently to the time sentence is pronounced. While it was within the power of the judge to impose an alternative sentence, i. e., to provide that if the fine and costs should not be paid within a given period the prisoner should serve a term in jail ·(*Gordon* v. *Johnson,* ante, 584), yet this term could in no event extend beyond six months; and as the prisoner was unconditionally sentenced to imprisonment in jail for five months, he could not legally be sentenced to serve an additional definite term of six months, in the event he failed within the five days to pay the fine and costs. We think the sentence was illegal in the respects pointed out, and, as the accused is to be denied a new trial, direction is given that he be resentenced in terms of the law.

*Judgmet affirmed with direction. All the Justices concur.*

ATKINSON, J. I concur in the result, but not in the apparent qualification expressed in the last part of the opinion. One of the penalties for a misdemeanor is confinement in the jail for a term not to exceed six months. The court may in its discretion impose this penalty, or confinement for any less time, upon a misdemeanor convict. It is further provided that the court, after imposing the penalty of confinement in jail, may, in its discretion, provide that the convict may be relieved from confinement in jail by paying a specified sum of money, not exceeding $1,000, as a fine. But a failure to pay this fine within a specified time has never been made penal. Such failure constitutes no offense. An order of court which directs confinement in jail for however short a time, or imposes any other penalty purely for a failure to pay the fine within the time specified by the judge, is without authority of law. It in

effect punishes him for a supposed offense which does not exist in law, and for which there is no pretense that he had been convicted. Such was the effect of the sentence under review.