## WALKER *v.* THE STATE.

### (*Nashville.* December Term, 1906.)

**JUROR. Objection to, for disqualification propter defectum, too late after verdict.**

An objection that a juror, though a resident of the county and otherwise qualified, lived outside the territorial jurisdiction of the court and within that of a special court created for a limited portion of the same county, is *propter defectum*, and must be made *in limine*, and comes too late after verdict.

---

### FROM DICKSON.

---

Appeal in error from the Circuit Court of Dickson County.—B. D. BELL, Judge.

R. L. LEECH and G. EGERTON, for Walker.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

---

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

Plaintiff in error was indicted for the murder of one Collier, and on a trial in the circuit court of Dickson county was found guilty of voluntary manslaughter, and his punishment fixed at five years' confinement in the penitentiary. On this appeal from the judgment pro-

nounced on this verdict, we deem it unnecessary to state the evidence on which the conviction rests, or to notice it, further than to say we are satisfied, after a careful examination of the record, that the finding of the jury is sustained by the weight of the testimony submitted to them.

It was urged in the court below on the motion for a new trial, and the insistence is renewed here, that the verdict was vitiated by reason of the fact that one of the jurors, while a citizen of Dickson county and otherwise qualified, lived outside of the territorial jurisdiction of the trial court and within that of a special court created by chapter 237, p. 533, of the Session Acts of 1899, for a limited portion of that county.

This objection was one *propter defectum,* and came too late. Such an objection must be made *in limine.* It is immaterial that the particular disqualification is unknown to the party complaining and his counsel when the juror is accepted. The acceptance, when once made, is conclusive. This is an ancient rule of the common law, adopted by this court at an early day, and uniformly applied. Among the cases recognizing it are *McClure* v. *State,* 1 Yerg., 206; *Gillespie* v. *State,* 8 Yerg., 507, 29 Am. Dec., 137; *Ward* v. *State,* 1 Humph., 255; *Hamilton* v. *State,* 101 Tenn., 417, 47 S. W., 695; *Goad* v. *State,* 106 Tenn., 175, 61 S. W., 79.

The judgment of the circuit court is therefore affirmed.