### RUSSELL *v.* TUCKER.

LUMPKIN, J. 1. In a case where it was relevant to show whether the price paid for land was so inadequate as to furnish evidence of fraud, it appeared that the vendor obtained title under a will which created in her a base fee, with executory devise over, if she should die without heirs. A witness testified that the land was worth a thousand dollars, if a good title could be obtained thereto. He was then allowed to testify that if the vendor had a life-estate, liable to be defeated on her dying without heirs, it would not be worth so much, and that the buying of an estate of that kind was "a gamble." *Held,* that this was not error requiring a new trial, the court having instructed the jury that, under the will and the undisputed evidence, the vendor had a fee-simple title to the land.

2. Where the plaintiff in an equitable action alleged that she had been caused to sign a deed by means of fraudulent representation that it was a mortgage, there was no error in excluding testimony that, about ten days after the execution of the deed, she made a statement to the attorney who had drawn it that it was not a deed, according to

her understanding, it not ·appearing that the attorney represented the grantee at the time of such statement, or was authorized at that time to deal with the plaintiff as the agent of the grantee.

3. While the person who made the deed, and who sought to have it decreed to be operative only as a mortgage, was a married woman, yet where she testified that her husband acted as her agent to transact her business, and where he was present with her during negotiations in regard to the matter, there was no reversible error on the part of the judge in stating to the jury that the plaintiff contended that neither she nor her husband voluntarily surrendered the possession, or consented for the grantee to assume control, or offered to rent the land from him, and that she was wrongfully evicted, instead of confining the statement of such contention to her acts alone.

4. The court having construed the item of the will under which the grantor claimed, in connection with the uncontradicted evidence, to vest in her a fee-simple estate, there was no error in adding: "This question, however, is not relevant in the case, only as it may illustrate the adequacy or inadequacy of consideration.in the deed."

5. If a trial judge,.after the jury has been charged in a civil case and has retired for the consideration of it, finds that he has made an accidental omission or erroneous statement in his charge, it is not error to .recall the jury for the purpose of making the necessary correction.

6. The indebtedness which was claimed to be that of the husband had been reduced to judgment against both the husband and the wife, and it was not an open question that she was not bound therefor.

7. While the evidence was conflicting, it was sufficient to sustain the verdict; and the presiding judge having approved the finding of the jury, this court will not reverse his judgment in so doing.

8. None of the other grounds of the motion for a new trial require a reversal.

9. While the brief of evidence contained some superfluous matter, and some statements of objections of counsel, it'is not in such flagrant violation of the statute providing for the making of a brief as to require this court to disregard it and decline to determine questions involving a consideration of the evidence.

*Judgment affirmed. All the Justices concur.*
April 12, 1911.

Equitable petition. Before Judge Lewis. Jasper superior court. June 1, 1910.

*Martin & Morcock* and *W. S. Florence,* for plaintiff.
*Greene F. Johnson,* for defendant.