12700. GULF REFINING COMPANY *et al. v.* MILLER.

STEPHENS, J. 1. The plaintiff's petition set out a cause of action for damages resulting from personal injuries alleged to have been received by him by reason of the explosion of a lamp used by him which he had filled with gasoline that he mistook for kerosene and which had by the negligence of the defendants been sold to him as kerosene; and the amendment allowed thereto, being germane to the petition and merely alleging additional consequences and resulting damages arising out of the defendant's conduct, was properly allowed (*Mayor &c. of Macon* v. *Melton,* 115 *Ga.* 153, 41 S. E. 499), and the defendants' demurrers to the petition as amended were properly overruled.

2. The amendment allowed to the plaintiff's petition not setting out a new cause of action, and it not appearing that the defendants could have been injured by way of surprise by the allowance of the amendment, the court did not abuse its discretion in overruling the defendants' motion to continue upon the ground of surprise.

3. Upon the trial of a case in a suit against two defendants a statement by counsel for the plaintiff, in the presence of the jury, that one of the defendants would not be called upon to pay any judgment which might be rendered for the plaintiff, is not of such a prejudicial nature as would authorize this court to hold that the trial judge abused his discretion in refusing to declare a mistrial upon motion of the defendants' counsel, where it does not appear from the assignment of error that the court did not rebuke counsel for the remark and did not by proper instructions endeavor to remove any improper impression that it might have made upon the minds of the jury.

4. The defendants' exceptions to the verdict and judgment are contained in a petition for certiorari, and the exception therein alleging a disqualification of certain of the jurors on account of relationship to the plaintiff, not complaining of any ruling of the trial judge, presents no question for consideration. *Ferguson* v. *Loudermilk,* 127 *Ga.* 84 (56 S. E. 119).

5. The city court of Pelham, in which this case was tried, not having the

power to entertain a motion for a new trial, the assignment of error in the petition for certiorari excepting to the ruling of the trial judge in dismissing a motion for a new trial filed by the defendants is without merit. *Gulf Refining Co.* v. *Miller*, 151 *Ga.* 721 (108 S. E. 25).

6. It does not appear that the charge of the court unduly stressed the contentions of the plaintiff or was otherwise prejudicial to the defendant, or that the verdict rendered for the plaintiff was without evidence to support it, or that the superior court judge, in passing upon the exception to the verdict as being excessive, abused his discretion.

7. The petition for certiorari not containing any meritorious assignment of error, the action of the superior court in refusing to sanction the same was not error.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1922. REHEARING DENIED SEPTEMBER 30, 1922.

Certiorari; from Mitchell superior court — Judge Harrell. March 23, 1920.

*W. Carroll Latimer, E. E. Cox*, for plaintiff in error.

*J. J. Hill, H. H. Merry*, contra.

ON MOTION FOR REHEARING.

The motion for a rehearing to made upon the ground that the plaintiff's undisputed testimony showed that he had sold to himself, and "undertook to sell kerosene but sold gasoline, sold it [himself] and made delivery [himself]," and that his own act was the cause of his injury, and that therefore there was no evidence to support a verdict for the plaintiff, it appearing, from the evidence of the plaintiff, that he asked Mr. Jones, the agent of the defendant, for kerosene to take home, and that Mr. Jones rolled it out of the warehouse and put it upon the plaintiff's truck, that the plaintiff asked for kerosene and paid the price for kerosene, that when the plaintiff went to the warehouse and called for kerosene Mr. Jones, the agent of the defendant corporation, was inside the warehouse, and the plaintiff told Mr. Jones that he wanted 20 gallons of kerosene, and that Mr. Jones gave it to him and he took the substance and carried it home and put it in the tank. There is no merit in the motion to rehear, and it is overruled. The plaintiff's testimony quoted by the movant as the basis for the grounds of the motion, — "I made the sale to myself, wrote it up myself and delivered it myself; I carried the cans to the warehouse next morning with a ticket showing that I had sold 20 gallons to myself, and I undertook to sell kerosene but sold gasoline, sold it myself and made delivery myself," is

perfectly consistent with the testimony of the plaintiff to the effect that the agent of the defendant corporation rolled the cans out of the warehouse and put them on the plaintiff's truck,' and, properly construed in the light of the entire testimony of the plaintiff,. authorizes the inference that the plaintiff, whose duty had ·been to make deliveries from the warehouse to the customers of the defendant corporation, did in this particular case sign the sale ticket himself and make the delivery to himself, and does not conclusively establish that the plaintiff himself selected from the warehouse stock the gasoline in question without any negligent act on the part of the defendant through its agent Mr. Jones.

*Motion for rehearing denied. Jenkins, P. J., and Bell, J., concur.*