## 21453. CHUNN v. McRAE.

DECIDED JUNE 9, 1931.

*J. F. Hatchell,* for plaintiff in error.

*R. A. McGraw, Terrell & Terrell,* contra.

LUKE, J. T. F. T. McRae brought suit in the city court of Greenville against Gulf Refining Company and J. W. Chunn Jr., alleging: that J. W. Chunn Jr. was agent of Gulf Refining Company; that while the latter was transferring gasoline from its truck into a storage tank of McRae, at Warm Springs, Georgia, the gasoline became ignited and set fire to and burned plaintiff's storehouse; that the fire was caused by the negligence of Chunn, either by reason of his failure to equip his truck with a static chain, with the result that static electricity generated a spark which ignited the gasoline, or that, in withdrawing the metal nozzle of the hose attached to the truck from the stand or fill-pipe on the underground gasoline tank, a spark was produced from friction and ignited the gasoline. Upon the trial of the case, after all the evidence was in, the court, upon motion of counsel for Gulf Refining Company, directed a verdict in its favor, and permitted the case to proceed against the other defendant, against whom a verdict was returned for $1200. Chunn excepts to the judgment overruling his motion for a new trial.

We quote from special ground 1 of the motion for a new trial the following: The court erred in refusing to grant a mistrial upon the motion of movant. What happened is as follows: At the close of the case the court directed a verdict in favor of Gulf Refining Company, and allowed the case to proceed to trial, or to the jury, against the defendant J. W. Chunn Jr. During the course of the argument by Judge J. R. Terrell, of counsel of plaintiff, he stated to the jury: "Gentlemen, I infer from the pleadings and

the conduct of this case that any verdict that might be rendered against Mr. Chunn, one of the defendants in this case, will be paid by the Gulf Refining Company." Mr. Hatchett: "Now, your honor, that is improper argument on the part of counsel, and I move the court to declare a mistrial." The court: "What is it that you object to, Mr. Hatchett?" Mr. Hatchett: "Counsel for plaintiff in this case has argued to the jury that he infers from the pleadings and from the conduct of this case by counsel that whatever verdict might be rendered against Mr. Chunn, one of the defendants in this case, the Gulf Refining Company will pay. I say that is improper argument, and I move for a mistrial." The court: "Gentlemen of the jury, the argument of counsel was highly improper. The sole question in this case for you to determine is whether J. W. Chunn Jr. is liable as charged in the petition. As to whether anybody else will pay a verdict if one is given, it is improper, and you will not allow it to have any force with you, or consider it at all. . . You will please retire to your room." (The jury retired as directed by the court.) The court: "Now, gentlemen, I think it is an uncertain question in my mind as to whether I should declare a mistrial. I won't declare a mistrial; but it is a serious question in my mind as to whether I should do so." Judge Terrell. "I will join with Mr. Hatchett in the request that a mistrial be declared." The court: "As I have stated, I won't declare a mistrial, but in the progress of your argument I won't allow you to argue or draw any deductions that somebody else is behind this case, and that somebody else would pay if a verdict is rendered against Mr. Chunn. Such argument is prejudicial to him, and it would be a great wrong if I permitted you to do it. That I can not permit." Judge Terrell: "I insist . . that I have the right to read the pleadings to the jury, and to call the jury's attention to the pleadings in the case, and let them make any deduction they may see fit." The court: "The jury can not draw any deduction except from this evidence. They can not draw any deduction from any argument that would tend to prejudice them against Mr. Chunn because somebody else is behind it. I will not permit you to argue anything that would cause them to draw any such deduction. You gentlemen have in mind perhaps the case of the insurance company, where it was stated that the insurance company was back of the defense; and in that case

it was made the duty of the court to declare a mistrial. I am going to recall the jury, and I am not going to declare a mistrial, but I can not allow an improper argument." (The jury returned to the court room.) The court: "Gentlemen of the jury, I want to repeat and emphasize what I said to you just now. Remember that what Judge Terrell said about somebody else paying any verdict rendered against Mr. Chunn, if one is so rendered, has got nothing in the world to do with this case. Eliminate that from your mind and don't consider it, just throw it out. The case on trial now is that of T. F. T. McRae against Mr. J. W. Chunn Jr. They are the only two parties in the case. You are only to consider the question as to whether Mr. McRae should recover against Mr. Chunn. Don't let what was said remain in your mind. Just discard it; get rid of it."

It was held in the early decision in the case of *Mitchum* v. *State*, 11 *Ga.* 615 (7), 630 that "it is contrary to law for counsel to comment upon facts not proven." This principle has been followed by our courts, and is embodied in the Civil Code (1910), § 4957, which section reads: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the same, and, by all needful and proper instructions to the jury, endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Our Supreme Court said in *Wallace* v. *State*, 126 *Ga.* 749 (2) (55 S. E. 1042): "Allusion to matter extrinsic to the record by counsel in the argument of the case will not constrain the court to declare a mistrial in every instance. It is only when the foreign matter injected in the case by the argument is of such a prejudicial nature that a rebuke of the statement by counsel, and an instruction to the jury, in the discretion of the court, will be incommensurate to remove any improper impression from the minds of the jury, that a mistrial should be declared." In the case at bar the remarks of counsel were not supported by the evidence, and were improper, and counsel for movant promptly moved for a mistrial. Can it reasonably be concluded that the steps taken by the court were ineffectual to remove from the minds of the jury any improper impression inculcated therein by counsel's statement; or was a mistrial the only cure?

In the case of *O'Neill Mfg. Co.* v. *Pruitt,* 110 *Ga.* 577 (36 S. E. 59), counsel argued to the jury that an insurance company would pay any verdict rendered against the defendant. Defendant's counsel objected to the argument, but made no motion for a mistrial. The court reprimanded counsel, and instructed the jury that there was no evidence before them to warrant such argument and that they should disregard what counsel had said. After holding that the exception did not show cause for a reversal of the judgment, the court said: "Had he made a motion for a mistrial and the judge refused to grant it, his ruling would then have been a matter for review by this court." It is true that Simmons, C. J., the writer of the opinion, said: "Speaking for myself, I think that in such a case the motion for a mistrial should have been granted." This statement is, of course, the individual opinion of that able jurist, and is not binding upon the courts of this State. In the case of *W. & A. R. Co.* v. *Cox,* 115 *Ga.* 715 (42 S. E. 74), the court held that the trial judge erred in overruling the motion for a mistrial based upon improper and prejudicial statements of counsel to the jury. However, in the opinion in that case the court said: "It may have been that had the trial judge fully and explicitly instructed the jury that no consideration of the objectionable remarks should affect their verdict, and satisfied himself that the evil effects of the remarks which counsel made had not found lodgment in the minds of the jurors, this would have sufficed. But however this may be, in the absence of any interposition a mistrial should have been ordered, and the failure to so order it is cause for a new trial." In *Lane* v. *Paschall,* 199 N. C. 364 (154 S. E. 626), where counsel gratuitously injected into the case the idea that an insurance company would pay the verdict if one was rendered against the defendant, the Supreme Court of North Carolina said: "In the present case, the court not only sustained defendant's objection, but in the most emphatic language told the jury: 'Dismiss it from your minds and erase it from your memory; that is your duty and I so instruct you.' We think it was in the sound discretion of the court below to either grant a new trial or charge the jury as was done." In the case of *Gulf Refining Co.* v. *Miller,* 29 *Ga. App.* 71 (3) (114 S. E. 227), this court held: "Upon the trial of a case in a suit against two defendants a statement by counsel for the plaintiff, in the presence of the jury, that

one of the defendants would not be called upon to pay any judgment which might be rendered for the plaintiff, is not of such a prejudicial nature as would authorize this court to hold that the trial judge abused his discretion in refusing to declare a mistrial upon motion of the defendant's counsel, where it does not appear from the assignment of error that the court did not rebuke counsel for the remark and did not by proper instructions endeavor to remove any improper impression that it might have made upon the minds of the jury."

In the case at bar the trial judge promptly told the jury that "the argument of counsel was highly improper, and that they should not consider it at all;" and again, after the jury had returned to the box after counsel had argued the question before the court, the trial judge substantially instructed the jury as he had previously done. We are satisfied that the course pursued by the trial judge adequately met the situation and the requirements of code section 4957, supra; and hold that the court's refusal to grant a mistrial is not reversible error. We are strengthened in the correctness of this conclusion for the reason that, in our opinion, the jury would not so easily be led to believe that a corporation which had been let out of the case as a joint defendant by a nonsuit would pay a judgment rendered against the remaining defendant who was merely the agent and truck-driver of the corporation.

Special ground 2 is similar to the ground already considered. We hold that it discloses no satisfactory reason for reversing the judgment.

Special ground 3 complains that an excerpt from the charge of the court made an erroneous statement as to the plaintiff's contentions. This excerpt is only a small portion of the court's charge upon the subject in question. When the charge is considered as a whole, there is no merit in the ground.

An examination of the brief of evidence satisfies us that, though the case is close, the verdict should not be reversed upon the general grounds; and, in conclusion, we hold that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*