BLOUNT *v.* DEAN, administrator.

No. 12535. FEBRUARY 14, 1939.

*W. Tom Veazey* and *T. Reuben Burnside*, for plaintiff in error.
*J. Q. West* and *Ficklen & Pilcher*, contra.

GRICE, Justice. Henry Dean, administrator of Willie Dean, filed his suit in Warren superior court against Josie Culpepper Blount, after having qualified as administrator in Warren County, seeking to recover a house and lot on the theory that the same was bought by Josie Culpepper Blount for Willie Dean, and asking for an accounting. Josie Blount filed her answer and contended that she bought the property at the administrator's sale for herself and as her individual property, thus forming an issue on which a jury was empaneled and the issue tried. The plaintiff obtained a verdict and judgment for the property and for certain money. Josie Blount admitted having certain money belonging to the estate, but claimed that expenses and commissions had accrued by reason of the fact that after she was removed as guardian by the court of ordinary of McDuffie County she continued to act as guardian until the case was appealed and final judgment rendered. The case having been decided adversely to her, she moved for a new trial on the general grounds, and on eleven special grounds. The court overruled the motion, and a bill of exceptions was taken.

1. Ground 1 of the amendment to the motion for new trial complains that the court charged the jury as follows: "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Code, § 37-704. The insistence is that the charge was not applicable to the case. It was definitely charged in the petition that the defendant acted fraudulently in failing to have recorded the deed from the administrator to her, and in failing to make a full and fair disclosure of her acts to the court of ordinary, with respect to her former guardianship of Willie Dean. Evidence on this subject was introduced. The charge was not inapplicable to one of the issues before the jury.

2. Ground 2 contains a similar criticism of the court's charge as follows: "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." Code, § 37-707. The gist of the plaintiff's contention was that the defendant, while she was guardian of Willie Dean, bought the property at a sale by the administrator of the mother of Willie Dean, the named grantee in the deed being "Josie Culpepper Blount, as guardian for Willie Culpepper Dean," that she received the property as such guardian, accepted it as a distributive portion of said mother's estate coming to Willie Dean, and that she had not accounted for the rents, issues, and profits. This ground contains no reason for granting a new trial.

3. In ground 3 it is contended that it was error for the court to charge: "Where by the act or consent of parties, or the act of a third person or of the law, one person is placed in such relation to another that he becomes interested for him or with him in any subject or property, he is prohibited from acquiring rights in that subject or property antagonistic to the person with whose interest he has become associated." Code, § 37-708. The nature of the case was such that this charge was applicable.

4. It was not error to charge the jury as follows: "Now, gen-

tlemen, I charge you that trustees and other representatives such as guardians, with custody of papers, have ample opportunity to discover defects in the title of property in their care, and are estopped from setting up title adverse to their trust. So, if you find from the evidence in the case that Josie Blount, as guardian of Willie Dean, received and held a deed to the property in dispute for nearly four years, knowing that the deed was made to her as guardian of Willie Dean, and accepted the deed as such, she could not now set up a claim to the property as her own individual property."

5. That ground of the motion which complains that the court failed to charge the jury, "anywhere in his entire charge, what legal commission movant as guardian for Willie Dean would be entitled to receive," is without merit, the record not indicating that the question as to commission was raised, or any issue made thereon.

6. The court did not err in failing to charge the jury that before the plaintiff could recover the realty sued for, he must show that it was necessary so to do in order to pay debts or make distribution; the suit not being against the heirs at law of the decedent or against those who had succeeded to her rights.

7. A ground of a motion for new trial is without merit when based solely on the fact that a principle of law which the movant insists should have been given in charge was omitted in the instructions originally given to the jury, but was given in a recharge to the jury.

8. That the court did not, without request, charge the jury that it was the contention of the defendant that the property in question was paid for out of the defendant's own funds, is not cause for granting a new trial; the court having stated to the jury that she contended "that the property was bid in by her as an individual," and further, that she contended "that the property belonged to her."

9. It was not erroneous to refuse to charge the jury that a deed conveying the property to "Josie Culpepper Blount, as guardian for Willie Culpepper Dean," "would convey the property to Josie Culpepper Blount individually, in the absence of anything else in the deed to show the intention to convey the property to her as guardian."

10. Nor did the court commit reversible error in recharging

the jury that the plaintiff in error "contends that the deed was turned over to her, but she contends that she never accepted the deed as covering the property in question, to wit, as the property of Willie Dean."

11. Ground 11, complaining of a charge on the subject of estoppel, is without merit.

12. Where a husband, having a living wife, married another woman, the second marriage was void; and upon the death of the woman to whom he was first married, no children or descendants of children surviving, he became her sole heir at law.

*Judgment affirmed. All the Justices concur.*