## WARD *v.* THE STATE.

204

No. 15113.  April 4, 1945.

208

*Willis Smith* and *J. L. Smith,* for plaintiff in error.

*T. Grady Head, attorney-general, L. L. Meadors, L. M. Wyatt, solicitors-general,* and *Maud Saunders,* contra.

GRICE, Justice. ■ The first ground of the motion complains because the judge charged the jury as follows: "Now, the State in this case insists that the defendant, W. W. Ward, is guilty, as charged in the indictment, and is therefore guilty under the law. If you find that to be true, nothing further appearing, then you would be authorized to convict the defendant." Immediately following the quoted words, the charge continued as follows: "That is, if you find all the allegations have been proved to your satisfaction beyond a reasonable doubt." This ground is without merit.

■ It is next insisted that a reversal should be had because of the refusal to charge the following written request: "I charge you further, gentlemen of the jury, as a matter of law, if you believe from the evidence that the defendant killed the deceased, but that he had found or caught his wife committing an act of adultery, or if he thought she was engaged in the act of committing adultery, and if this so affected his mind, destroyed his power to discern between right and wrong with reference to the act charged against him, he would not be responsible if he acted during the interval that his mind was so impaired; it would make no difference how long or short a period his mind was so impaired that he did not have the power of discerning between right and wrong; and that, if you believe he killed the deceased under those circumstances, when his mind was so impaired as above defined to you, he would not be guilty of either murder or manslaughter, and it would be your duty to acquit him." Also, because of the refusal to give the following written request: "I charge you further, gentlemen of the jury, that a crime or misdemeanor shall consist in a violation of a public law in the commission of which there shall be a union or joint operation of act and intention. Intention will be manifested by the circumstances connected with the perpetration of the offense and the sound mind and discretion of the person accused. So, gentlemen of the jury, if you believe from the evidence or the defendant's statement that his mind was impaired at the time, and if you believe that at the time he committed the offense he was unable to form a criminal intent or an intent to commit the crime as alleged, he would not be guilty and it would be your duty to acquit him." The only hint in the record to form a basis for

such a request is a sentence or two in the statement of the defendant in these words: "I come back to the truck and they were lying down on the bank of the road, and he was having intercourse with my wife, or trying to do it, and I hit him, and my mind went blank and I didn't know anything else that happened that night." There was no plea of insanity, nor was that urged as a defense under the plea of not guilty, unless the portion of the statement above quoted did so. The requests which were refused refer to an impaired mind. This means a diseased mind, and does not carry with it the idea of a mind that was blank—so blank the accused did not know anything that was happening. The requests are apparently based on a state of facts where one's mental powers were not entirely obliterated, but were merely so impaired that he did not have the power of discerning between right and wrong. It thus appears that the requests were not adjusted to any issue that arose either from the evidence or from the prisoner's statement. Compare *Jones* v. *State,* 197 *Ga.* 604 (30 S. E. 2d, 192).

■ The fourth ground of the motion contends that a new trial should be granted because the court refused to charge, upon timely written request, the following: "I charge you, gentlemen of the jury, that no person shall be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." There was nothing in the evidence or in the prisoner's statement to warrant the giving of this request to the jury.

■ The remaining ground recites that the solicitor-general in his argument to the jury stated "that a verdict don't amount to anything, they are usually pardoned or escape, and in Carroll County they don't give death penalties." Upon objection thereto by the movant's counsel, the court said: "Confine yourself to the record, don't go out of the record. Gentlemen of the jury, you will not consider any argument that is not substantiated by the record in the case." Whereupon the solicitor-general stated, "I withdraw the statement I made in that connection." The movant's counsel then moved for a mistrial, which was denied, the judge making the following statement to the jury: "Gentlemen of the jury, the remarks you have just heard the solicitor-general make, which were objected to and withdrawn by him, I instruct the solicitor-general to stay within the record of the case, that is,

the sworn testimony upon the trial of the case. You will not consider those remarks which were objected to and which were later withdrawn by him in this case. During your deliberations you will not give any consideration whatever to those remarks." Even if it be assumed that the argument was improper, in view of its withdrawal by the solicitor-general and the action of the judge no cause is shown for the grant of a new trial. *Goodman* v. *State,* 122 *Ga.* 111 (3) (49 S. E. 922); *Wallace* v. *State,* 126 *Ga.* 749 (2) (55 S. E. 1042); *White* v. *State,* 177 *Ga.* 115 (169 S. E. 499).

■ The charge of the court was full and fair, instructing the jury on the law of the several grades of homicide. The evidence, though circumstantial, was sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concur.*