BRADY *v.* THE STATE.

No. 15129.   June 8, 1945.   Rehearing denied July 6, 1945.

*Ed Wohlwender Jr., Joseph S. Ray, B. D. Murphy,* and *J. M. Rogers,* for plaintiff in error.

*T. Grady Head, attorney-general, Arthur F. Copland, solicitor-general pro tem, Victor Davidson* and *Claude Shaw, assistant attorneys-general,* contra.

BELL, Chief Justice. ■ The defendant was convicted of killing his wife by shooting her with a shotgun. His motion for a new trial as amended contained the usual general grounds and five

special grounds. There is no insistence upon the first special ground or upon the general grounds.

Grounds 2, 3, and 4, being similar, may be considered together. They complain severally of refusals of the judge to declare a mistrial because of statements made in the presence of the jury by the solicitor-general and Mr. T. B. Rainey, who assisted in the prosecution. Ground 2 refers to a remark made by the solicitor-general during the introduction of testimony. Grounds 3 and 4 each relate to alleged improper argument. The material facts touching all these grounds have been set forth in the preceding statement and need not be repeated, reference being made to such statement.

Even if it should be assumed that the statements of the solicitor-general, referred to in special grounds 2 and 4, were improper, neither of these grounds can be taken as showing cause for a new trial; it being fairly certain that whatever impression, harmful to the accused, either statement of the solicitor-general may have made upon the minds of the jury, such impression was effectually removed by the judge's instructions to the jury on the subject, and his rebuke of the solicitor-general in the jury's presence. *Lucas* v. *State,* 146 *Ga.* 315 (7) (91 S. E. 72) ; *Thornton* v. *State,* 190 *Ga.* 783 (2) (10 S. E. 2d, 746) ; *Ward* v. *State,* 199 *Ga.* 203 (33 S. E. 2d, 689). For similar reasons, there was no merit in ground 3, referring to alleged improper argument by Mr. Rainey. *Wallace* v. *State,* 126 *Ga.* 749 (2) (55 S. E. 1042) ; *Floyd* v. *State,* 143 *Ga.* 287 (5) (84 S. E. 971) ; *White* v. *State,* 177 *Ga.* 115 (5) (169 S. E. 499).

■ Special ground 5 was based on the alleged disqualification of one of the jurors, discovered after the verdict. It appeared that a few weeks before this trial, the juror had entered a plea of guilty to an indictment in the United States district court for the middle district of Georgia, which indictment contained four counts, all relating to the operation or possession of a distillery in violation of the revenue laws. Two or more of the counts charged the commission of felonies. In one of them, the offense as charged involved "an intent to defraud the United States of the tax on spirits distilled." Upon such plea of guilty, a judgment was entered suspending the imposition of sentence and placing the accused on probation. For present purposes, we may assume that this judgment amounted to a sentence within the ordinary

meaning of the term. One of the questions presented, then, is whether a person who has been convicted of a felony, or a crime involving an intent to defraud, in a court of the United States, is competent to serve as a juror in a court of this State. We are speaking here, not of the nature or grade of the offense, but of the jurisdiction in which the conviction occurred.

At common law, a juror was subject to challenge propter delictum, which is materially different from an objection propter defectum. 4 Blackstone, 352 (2 Cooley's Blackstone (4th ed.), 1492-1493); 31 Am. Jur. 650, § 122. Such a disqualification was expressly recognized by this court in *Wright* v. *Davis,* 184 *Ga.* 846 (193 S. E. 757). Also, in *Williams* v. *State,* 12 *Ga. App.* 337 (3) (77 S. E. 189), a new trial was ordered because one of the jurors had been convicted of larceny. But in the *Wright* and *Williams* cases, the jurors had been convicted in courts of this State, so that neither of those cases involved the present question. Nor is there any other Georgia decision directly in point, so far as we are aware.

The question is one of great importance, relating as it does to a conflict of laws and a fundamental principle of jurisdiction. It is the general if not the universal rule that one State will not enforce the penal laws of another State, and this rule applies as between a State and the United States, as well as between the different States. In Wisconsin *v.* Pelican Ins. Co., 127 U. S. 265 (8 Sup. Ct. 1370, 32 L. ed. 239), it was said that the courts of no country will execute the penal laws of another, and that this rule applies as between State and Federal courts, not only to prosecutions for crimes, but also to actions in favor of the State for the recovery of pecuniary damages for the violation of its statutes.

The question under consideration is analogous to that as to whether a witness may be rendered incompetent to testify in one State by his conviction of a crime in another State. In this statement we refer strictly to the question of competency, and not to impeachment or an effort to impeach or discredit. In Logan *v.* United States, 144 U. S. 263 (7), 303 (12 Sup. Ct. 617, 36 L. ed. 429), which involved the competency of a witness, the Supreme Court said: "At common law, and on general principles of jurisprudence, when not controlled by express statute giving effect within the State which enacts it to a conviction and sentence

in another State, such conviction and sentence can have no effect, by way of penalty, or of personal disability or disqualification, beyond the limits of the State in which the judgment is rendered. Wisconsin v. Pelican Ins. Co., 127 U. S. 265; Commonwealth v. Green, 17 Mass. 515; Sims v. Sims, 75 N. Y. 466; National Trust Co. v. Gleason, 77 N. Y. 400 [33 Am. R. 632]; Story on Conflict of Laws, § 92; Greenl. Ev. § 376. It follows that the conviction of Martin in North Carolina did not make him incompetent to testify on the trial of this case." Again, in Huntington v. Attrill, 146 U. S. 657, 673 (13 Sup. Ct. 224, 36 L. ed. 1123), it was said by the same court, arguendo: "And personal disabilities imposed by the law of a State, as an incident or consequence of a judicial sentence or decree, by way of punishment of an offender, and not for the benefit of any other person— such as attainder, or infamy, or incompetency of a convict to testify, or disqualification of the guilty party to a cause of divorce for adultery to marry again—are doubtless strictly penal, and therefore have no extraterritorial operation."

In Brown v. United States, 147 C. C. A. 289 (233 Fed. 353, L. R. A. 1917A, 1133), it was held, that: "As the Federal courts are courts of an entirely different sovereignty and are wholly independent of the States, a conviction of an infamous crime in the State court rendering a person incompetent to testify in the State court does not render him incompetent to testify in the Federal courts any more than it would in the courts of a foreign jurisdiction, for the Federal courts, while following the State laws, do not give effect to a conviction by a State court." In Samuels v. Commonwealth, 110 Va. 901 (66 S. E. 222, 19 Ann. Cas. 380), the court held that one who had been adjudged guilty of perjury by a Federal court sitting in Virginia was not thereby disqualified as a witness in the State court, although by a statute of Virginia a person convicted of perjury was incompetent to testify, the reasoning of the court being that neither the State nor the Federal statute contemplated imposing the punishment prescribed by the other, and that the courts of neither jurisdiction would punish violations of the statutes of the other jurisdiction.

The rulings in the foregoing cases accord with the greater weight of judicial opinion, so far as competency or incompetency of a witness is concerned. 70 C. J. 112, § 136; State v. Landrum,

127 Mo. App. 653 (106 S. W. 1111); Weber *v.* State, 18 Okla. Cr. 421 (195 Pac. 510); and see also the authorities cited in the excerpt quoted from Logan *v.* United States, supra. Contra: State *v.* Candler, 3 Hawks (10 N. C.) 393; State *v.* Foley, 15 Nev. 64 (37 Am. R. 458); Chase *v.* Blodgett, 10 N. H. 22.

We think that the majority rule is sound in principle, and we see no reason why it should not be applied to a juror as well as to a witness. It was so applied in Queenan *v.* Okla., 11 Okla. 261 (71 Pac. 218, 61 L. R. A. 324), in which the court said: "In the absence of an express statute making a juror incompetent who has been convicted of a criminal offense punishable by imprisonment in the penitentiary in another state, such conviction and sentence can have no effect by way. of penalty or personal disability or disqualification beyond the limits of the State in which the judgment was rendered;" citing Logan *v.* United States, supra.

Be it remembered, there is no statute in this State which renders a person who has been convicted of a crime, whether in Georgia or elsewhere, disqualified to serve as a juror. At common law, a person was convicted by a plea of guilty or verdict; he was *attainted* by the judgment. Commonwealth *v.* Lockwood, 109 Mass. 323 (12 Am. R. 699); Shepherd *v.* People, 25 N. Y. App. 406, 419; 9 Words & Phrases (Perm. ed.) 608. Accordingly, in order to hold the juror disqualified in this case, it would be necessary to attach to him an attainder or infamy as a penal consequence of the judgment of the Federal court; and this, in the absence of statute, can not be done.

The provisions of the State and Federal constitutions (see Code, §§ 2-8501, 1-602), whereby the constitution of the United States and laws enacted in pursuance thereof are made the supreme law of this State, have no bearing upon the present question; there being nothing in that constitution requiring the State of Georgia to make conviction of a Federal offense a ground of disqualification to serve as a juror. Compare *Small* v. *Slocumb,* 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 130, 81 Am. St. R. 50); *Central of Georgia Ry. Co.* v. *Jones,* 152 *Ga.* 92 (108 S. E. 618).

In Texas there is a statute to the effect that one who has been convicted of a felony is disqualified to serve as a juror. This statute has been construed by the courts of Texas to include convictions in Federal courts. Amaya *v.* State, 87 Tex. Crim. 160

(220 S. W. 98) ; Hughes *v.* State, 105 Tex. Crim. 57 (284 S. W. 952). Since these decisions were expressly based upon the statute, they can be given but little, if any, weight here. See Waits *v.* State, 75 Tex. Cr. 507 (171 S. W. 708). While the decisions in Browning *v.* State, 120 Ohio St. 62 (165 N. E. 556), and Goad *v.* State, 106 Tenn. 175 (61 S. W. 79), may contain implications tending to support the view urged by the defendant, in neither case did the court rule upon the precise question, nor was there any discussion of it on principle. See generally, in this connection, 31 Am. Jur. 654, § 129, and annotation in 126 A. L. R. 521-525.

In view of what has been said, we hold that the juror was not disqualified because of his conviction in the Federal court, and therefore that special ground 5 was without merit. To hold otherwise would allow disqualification of a juror to be determined finally by the law and judgment of a separate and distinct sovereignty; whereas, in the present state of our law, we can find no authority for applying such a test.

Supplemental briefs were invited by this court on the questions as to whether the plea of guilty alone, or the plea and the judgment suspending "imposition of sentence" and placing the accused (the juror) on probation, taken together, would amount to a conviction. Able briefs were submitted on these questions, but, in the view that we have taken of the primary question, no ruling upon such additional questions is necessary. But see generally, 18 U. S. C. A., § 724; Cooper *v.* United States, 91 Fed. 2d, 195, 199; Nix *v.* United States, 131 Fed. 2d, 857; Commonwealth *v.* Sacco, 255 Mass. 369 (151 N. E. 839) ; People ex rel. Brooks *v.* Warden of Women's Prison, 175 Misc. 663 (24 N. Y. Supp. 2d, 931); Page *v.* State Board of Medical Examiners, 141 Fla. 294 (193 So. 82) ; 9 Words & Phrases (Perm. ed.) 612, 1945 Cum. Pocket Part, 111; 70 C. J. 114, 115, §§ 138, 140.

The judge did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*