### 18355.  SHURLEY *v.* THE STATE.

HAWKINS, Justice.  Barney W. Shurley, Sr., was tried for the offense of rape and sentenced from 5 to 7 years.  The question of consent is not involved, for the reason that the alleged victim was under the age of 14 years.  The defendant's motion for a new trial on the general grounds and one special ground, complaining of the charge, was denied and he excepted.  *Held:*

1. "A pauper affidavit filed for the purpose of relieving the plaintiff in error and his counsel from the payment of the costs accruing in this court must be entitled in the cause referred to in. the bill of exceptions, or otherwise show upon its face that it is connected therewith." *Franklin* v. *Kriegshaber,* 114 *Ga.* 947 (2) (41 S. E. 47).  Where, as here, a pauper affidavit is filed which is not in conformity with the above ruling, but merely recites: "Personally appeared . . . Barney W. Shurley,

Sr., who on oath deposes and says that he is the plaintiff in error in the foregoing bill of exceptions," is not entitled in the cause, and does not name the defendant in error, or otherwise disclose the bill of exceptions to which it refers, which affidavit was not attached to the bill of exceptions in the present case, and was filed in the office of the clerk of the superior court one day after the filing of the bill of exceptions—such affidavit is insufficient; and where counsel for the plaintiff in error has paid the costs in this court, they will not be refunded. *Brucker* v. *O'Connor*, 115 *Ga.* 95, 97 (41 S. E. 245); *Perkins* v. *Rowland*, 69 *Ga.* 661 (1a); *Summerour* v. *State*, 172 *Ga.* 560 (1c) (158 S. E. 327).

2. Where, as here, the trial judge omitted in the charge originally given to the jury any instruction with reference to the defendant's statement, but upon his attention being called thereto, and before the jury left the jury box, properly instructed them with reference to such statement, a ground of a motion for new trial assigning error because such instruction was omitted from the charge originally given to the jury is without merit. *Davis* v. *State*, 122 *Ga.* 564 (3) (50 S. E. 376); *Patterson* v. *State*, 122 *Ga.* 587 (1) (50 S. E. 489); *Wallace* v. *State*, 126 *Ga.* 749 (1) (55 S. E. 1042); *Russell* v. *Tucker*, 136 *Ga.* 136 (5) (70 S. E. 1018); *Blount* v. *Dean*, 187 *Ga.* 494 (7) (1 S. E. 2d 653).

3. A careful examination of the record in this case reveals some evidence to corroborate the testimony of the alleged victim, and "it is not for this court to pass upon its probative value; but the verdict of the jury under a proper charge from the court, having resolved that issue and having the approval of the trial judge, will not be disturbed." *Dorsey* v. *State*, 204 *Ga.* 345, 347 (1) (49 S. E. 2d 886); *Climer* v. *State*, 204 *Ga.* 776, 779 (1) (51 S. E. 2d 802); *Strickland* v. *State*, 207 *Ga.* 284 (61 S. E. 2d 118).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1953—DECIDED OCTOBER 14, 1953.

*George B. Culpepper, Jr.*, for plaintiff in error.

*Wm. M. West*, Solicitor-General, *Chas. F. Adams*, Assistant Solicitor-General, *Eugene Cook*, Attorney-General, *Rubye G. Jackson*, contra.