## NICHOLS *vs*. THE STATE OF GEORGIA.

1. This court is not satisfied with the verdict in this case. The charge was rape; the verdict was assault, based upon improper exposure of a female patient's person by her doctor, under false and fraudulent statements of the necessity therefor. The evidence should have been as clear and satisfactory as would have been necessary to convict of rape. It was not so.
2. While the court should give the law of the case in charge, yet he should be careful not to press an untried issue, without warning to the defendant' or notice of it to his counsel, giving it in his last charge to the jury.
(*a.*) Where the indictment was for rape, and that issue alone was tried, it was hardly fair to the defendant to charge and press upon the jury law to the effect that they might find a verdict of guilty of an assault, if the defendant was a physician and wrongfully exposed the person of a female patient.

Judgment reversed.

September 11, 1883.

JACKSON, Chief Justice.

[Nichols was indicted for rape, alleged to have been committed upon one Mary Herndon. The defendant was a doctor. The prosecutrix testified that he pretended that it was necessary to use instruments in treating her, and so pulled up her clothing and had connection with her, holding her arms. The evidence was very conflicting. The woman claimed to have been assaulted appears to have made no outcry and no immediate complaint, though there were others in the house. Afterwards she made an affidavit that she was satisfied that she was wrong in her charges against defendant.

The jury found a verdict of guilty of an assault. Defendant moved for a new trial on the following, among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the issue was tried solely on the charge of rape; counsel so argued the case, and no point was raised

as to whether defendant might be convicted of assault, nor was counsel for defendant put upon notice that such an issue would be tried until the charge of the court was given. The court charged, among other things, that if defendant was not guilty of rape, the jury might consider whether he was guilty of an assault; that if he took advantage of the relationship of physician and patient, and removed the garments of a female patient under the false and fraudulent pretence that he could not otherwise judge of the case, it would be an assault. The court charged further in regard to this subject, and read from Greenleaf on Evidence upon the same.

The motion was overruled, and defendant excepted.]