### CANIDA *v.* THE STATE.

FISH, C. J. 1. Where the evidence showed that a rape had been actually committed, and there was nothing to indicate the perpetration of an assault not included in the crime of rape, the court properly omitted from its charge any instruction as to the law relating to the offense of assault with intent to commit a rape. Penal Code, § 19; *Johnson* v. *State,* 73 *Ga.* 107; *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773). The testimony of a witness that the prosecutrix "said some one had attempted to assault her" was not evidence authorizing a charge on the law of assault with intent to commit a rape, as such testimony was merely hearsay and of no probative value, though it might have been considered on the question of impeachment of the prosecutrix, had the proper foundation been laid.

2. There was ample evidence submitted on the trial to show that the crime of rape had been committed on the person of the prosecutrix at the time and place alleged in the indictment. She testified positively that the accused was the perpetrator of the crime, and there was evidence for the State tending to corroborate her testimony on this point. Under the State's evidence there was, perhaps, also some question whether the prosecutrix was, immediately after the commission of the offense, so certain of the identity of the accused as the guilty party.

The defense was alibi, and the testimony of a large number of witnesses for the accused tended to show that it was impossible for him to have been present at the scene of the crime when it was committed. It was the province of the jury to judge of the credibility of the witnesses and to determine what was the truth of the case. The evidence authorized the verdict finding the accused guilty; the judge who tried the case declined to grant a new trial, thus approving the verdict; and. the judgment is                    *Affirmed. All the Justices concur.*

Submitted January 20,—Decided January 30, 1908.

Indictment for rape.  Before Judge Freeman.  Troup superior court.  December 9, 1907.

*E. T. Moon,* for plaintiff in error.  *John C. Hart, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.