## OLIVER *v.* THE STATE.

ATKINSON, J. 1. "In order to relieve the plaintiff in error from the payment of costs in this court, it is necessary that a proper pauper affidavit shall be filed with the clerk of the trial court before the bill of exceptions and transcript of the record are transmitted to this court. No excuse will avail in case of failure to file the pauper affidavit before this time, and under no circumstances is this court authorized to receive the affidavit upon the call of the case here." *Smith* v. *State*, 117 *Ga.* 16 (43 S. E. 440); Civil Code (1910), § 6233.

2. A pauper's affidavit as referred to in the preceding note, "to be effectual, must assert that the plaintiff in error is, because of his poverty, unable to pay the costs, and must not add conjunctively that he is unable to do anything else." Civil Code (1910), § 6232. See also *Harris* v. *Harrold*, 74 *Ga.* 410.

(*a*) While there is no provision of law for giving security "for the eventual condemnation-money" in a criminal case, yet to add the words quoted, conjunctively with the statement "unable to pay the costs," in a pauper's affidavit under the Civil Code (1910), § 6232, is prohibited by the provision against the inclusion of "anything else," as employed in the code section.

(*b*) Accordingly, on exception to a judgment refusing a new trial in a criminal case, a pauper's affidavit which asserts that the plaintiff in error because of his poverty is unable "to pay the costs and give the security for the eventual condemnation-money in said case," is insufficient to relieve the plaintiff in error from paying the costs of court.

3. On the trial of one indicted for the offense of rape, where the evidence showed that a rape had been actually committed, and there was nothing to indicate the perpetration of an assault not included in the crime of

rape, it was not error for the judge to omit from his charge any instruction as to the law relating to the offense of a bare assault (*Nichols* v. *State*, 72 *Ga.* 191), or the offense of an assault with intent to commit a rape. *Canida* v. *State*, 130 *Ga.* 15 (60 S. E. 104).

4. The ground of the motion for new trial complaining of the omission to charge "that if there was no fear and intimidation (as the defendant's statement makes manifest), and that consent was had even by force, it would not be rape," is not meritorious.

5. The ground of the motion for a new trial complaining of the omission to charge "upon the law as governing the difference [in] races," so that the jury might consider as a circumstance the difference in the races of the defendant a white man and the injured female, a colored girl, is not meritorious. Nothing contrary to the above ruling was held in the cases of *Jackson* v. *State*, 91 *Ga.* 322 (2) (18 S. E. 132, 44 Am. St. R. 25), and *Dorsey* v. *State*, 108 *Ga.* 477 (2) (34 S. E. 135), where the facts were different and the cases did not involve any omission of the judge to charge.

6. In an indictment for rape a duly signed verdict which declares: "We, the jury, find the defendant guilty, recommend minimum 1 yr., maximum 1 yrs.," properly construed in connection with the allegations making the charge in the indictment and in the light of the statutes applicable thereto, means that the jury found the defendant guilty of the offense charged, and recommended him to the mercy of the court, and fixed the minimum punishment as imprisonment in the penitentiary for one year and the maximum punishment as imprisonment in the penitentiary for one year. When given such construction, the verdict is not erroneous as being at variance with the charge of the court or void on the ground of indefiniteness and uncertainty.

7. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 4703.   APRIL 20, 1925.

Rape. Before Judge Wright. Walker superior court. December 20, 1924.

*M. Neil Andrews* and *Rosser & Shaw,* for plaintiff in error.

*George M. Napier, attorney-general, J. F. Kelly, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.