### JAMES *v.* THE STATE.

HINES, J. The defendant was indicted for murder. By his attorneys he filed a special plea in which he set up that he was insane at the time of the trial. The State filed a traverse of this plea. The issue thus formed was tried by a jury, who found against the plea. The defendant moved for a new trial. Pending this motion and before it was heard, he escaped from jail and was a fugitive from justice and was beyond the jurisdiction of the court. The State moved to dismiss the motion for new trial, on the ground that the defendant had escaped and was a fugitive from justice beyond the jurisdiction of the court. These facts appearing, the judge dismissed the motion for new trial. To that judgment the defendant excepted on the ground that it was contrary

---

Costs, 15 C. J. p. 330, n. 26.
Criminal Law, 16 C. J. p. 1249, n. 75 New.

to law. Counsel for the defendant moves this court to relieve him from the payment of costs in this court, on the ground that he was appointed by the court to represent the defendant because the defendant was unable to employ counsel, that he represented the defendant without compensation, that he had rendered the defendant valuable services, and that the defendant was insolvent, from which fact counsel could not recover from him the costs which he would be compelled to pay in this court if not relieved by this court from their payment. The solicitor-general moves to dismiss the bill of exceptions in this case, upon the ground that the defendant is now a fugitive from justice, beyond the jurisdiction of this court. *Held:*

1. Where, pending his motion for new trial and before it is heard, the defendant escapes and has not been captured or surrendered, the court does not err in refusing to hear his motion for new trial and in dismissing the same. *Madden* v. *State,* 70 *Ga.* 383; *Gentry* v. *State,* 91 *Ga.* 669 (17 S. E. 956). Whether the court should have given the defendant a reasonable time in which to surrender himself to proper custody, so as to insure submission to the judgment of the court when rendered, is not now for decision, as there is no exception to the judgment dismissing the motion for new trial on this ground.

2. All attorneys representing the plaintiff in error are jointly and severally bound for costs in this court, save where the pauper affidavit is filed in the clerk's office of the court below, and a certified copy thereof is transmitted to this court with and as a part of the transcript of the record, or, if no transcript is required, with the bill of exceptions. Civil Code, § 6232. Under this rule of court counsel for the plaintiff in error can not be relieved from the payment of costs in this court on the ground that he was appointed in the court below to represent the defendant, the latter being unable to employ counsel, and being financially unable to respond to him for the costs incurred in this court. After the escape of his client, and when he had not surrendered or been captured so that he could be made to respond to any judgment which might have been rendered upon the hearing of the motion for new trial, counsel so appointed was under no legal duty to further prosecute his case by suing out a writ of error to this court.

3. This renders it unnecessary to determine whether the present writ of error should be dismissed on the ground of the escape of the defendant, especially as the judgment of the court below is affirmed.

*Judgment affirmed. All the Justices concur.*

*S. Thomas Memory, J. R. Walker Jr.,* and *H. D. Griffin,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.