SUMMEROUR *v.* THE STATE.

ATKINSON, J. 1. In this case the attorneys for the plaintiff in error filed in the trial court a paper purporting to be a pauper's oath executed by their client for the purpose of bringing the case to the Supreme Court without payment of costs. The paper failed to assert that "from his poverty" the plaintiff in error was unable to pay the costs, &c. A certified copy of the paper was sent to the Supreme Court with the transcript of the record. The clerk of the Supreme Court called to the attention of the attorneys the failure to include in the paper the above-quoted words; whereupon the attorneys forwarded to the clerk of the Supreme Court another oath signed by their client, which included the said omitted words and was otherwise in the language of an appropriate affidavit in forma pauperis. At the same time the attorneys applied to the court to be relieved from payment of the costs. All of the foregoing facts were alleged by the attorneys. It was further alleged that the accused was a pauper and had no funds with which to employ counsel or pay the costs; also that the attorneys represented the defendant by appointment of the court without fees for their services, and that at the time of their application they had sent their personal check to the clerk of the Supreme Court for the amount of the costs. It was prayed that in these circumstances the costs be refunded to the attorneys. *Held:*

(*a*) It is essential to the sufficiency of a pauper's affidavit that it include the statement that the inability of the accused to pay the costs is "because of his poverty" (Civil Code, §§ 6165(3), 6166, 6232), and being without such statement, neither the accused nor his attorneys would be relieved from payment of the costs. *Oliver* v. *State,* 160 *Ga.* 365 (127 S. E. 732); *Thorpe* v. *State,* 92 *Ga.* 470 (17 S. E. 693); *Smith* v. *State,* 117 *Ga.* 16 (43 S. E. 440); *Whatley* v. *Macon & Northern Ry. Co.,* 104 *Ga.* 764 (30 S. E. 1003); *Harris* v. *Harrold,* 74 *Ga.* 410; *James* v. *State,* 162 *Ga.* 42 (132 S. E. 417).

(*b*) Nor could the attorneys for the plaintiff in error be relieved from the

payment of the costs in this court on the ground that they were appointed in the court below to represent the defendant, who was unable to employ counsel and financially unable to respond to them for the costs incurred in this court. *James* v. *State*, supra.

(c) The application of the attorneys for the plaintiff in error to have the costs paid by them refunded must be denied.

2. The court charged the jury: "Dying declarations, when the jury is satisfied they are such, are founded on the necessity of the case and the reason that, being made in view of impending death and judgment, when the hope of life is extinct and when the retributions of eternity are at hand, they stand on the same plane of solemnity as statements made under oath." *Held*, that this charge was not erroneous on the ground that "it gave undue emphasis to the evidence, the weight of which should be left for determination by the jury." *Jeffords* v. *State*, 162 *Ga.* 573 (134 S. E. 169). The request to review and overrule the decision just cited is refused.

3. The evidence was sufficient to support the verdict, in which the jury found the defendant guilty and did not recommend that he be punished by imprisonment in the penitentiary of the State during his life.

4. The judge did not err in refusing the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 8312. APRIL 14, 1931.

*A. M. Kelly, E. W. Roberts,* and *W. F. Lewis,* for plaintiff in error.

*George M. Napier, attorney-general, Henry H. West, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.