### 22186. Stevens v. Bibb Manufacturing Company.

Bell, J. 1. An affidavit in forma pauperis made by a claimant in appealing a case to the superior court from the industrial commission will not authorize the claimant to prosecute a bill of exceptions from the superior court without the payment of the costs in this court. The affidavit must be executed after the rendition of the judgment complained of. *Craig* v. *State*, 108 *Ga.* 776 (33 S. E. 653).

2. "It is essential to the sufficiency of a pauper's affidavit that it include the statement that the inability of the [affiant] to pay the costs is 'because of his poverty' (Civil Code, §§ 6165 (3), 6166, 6232), and being without such statement, neither the [affiant as plaintiff in error] nor his attorneys would be relieved from payment of the costs." *Summerour* v. *State*, 172 *Ga.* 560 (158 S. E. 327).

(a) Whether an affidavit not containing this express statement might still be sufficient if it disclosed such facts as would demand the like inference, a further affidavit relied on in the instant case was fatally defective in either view, since it neither contained the statement, nor alleged facts to demand the inference, that the inability to pay the costs was due to the affiant's poverty.

3. Since neither the affidavit made before the judgment complained of nor the subsequent affidavit can be considered for the purpose of relieving the plaintiff in error of the payment of the costs in this court, as a condition precedent to the prosecution of the writ of error, and since the costs have not been paid in accordance with the rules of this court, the writ of error must be dismissed as for failure to pay the costs. Civil Code (1910), §§ 6232, 6233; *Taylor* v. *New England Mortgage Co.*, 95 *Ga.* 571 (20 S. E. 636).

*Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*

Decided May 11, 1932.

*E. N. Freeman*, for plaintiff.

*Jones, Jones, Johnston & Russell, T. Elton Drake*, for defendant.