28796. BRAND *v.* CITY OF LAWRENCEVILLE.

DECIDED FEBRUARY 8, 1941.

*William A. Thomas,* for plaintiff.

*John C. Houston, Hope D. Stark,* for defendant.

FELTON, J. G. M. Brand sued the City of Lawrenceville for injuries alleged to have been sustained by him on October 23, 1937, when he stepped into an open drain or hole in a street of Lawrenceville. The case was tried in the superior court of Gwinnett County, and a verdict and judgment for the defendant were rendered March 6, 1940. The plaintiff filed his motion for new trial and an amendment thereto, and upon hearing on the amended motion, the new trial was denied. The exception is to that ruling.

■ There is no merit in the general grounds of the motion. The evidence authorized the verdict, and it having the approval of the trial judge will not be disturbed.

■ The only ground of the amended motion is that the plaintiff in error, since the trial of the case, has discovered certain material evidence, the probable effect of which on another trial would be to produce a different result and one favorable to the movant. In his affidavit attached to the amended motion as an exhibit the plaintiff in error swore substantially that on the night he was injured he

knew that the truck (on which he was going to ride to Atlanta) was a big truck; that he did not know that it was a White Provision truck, and that as soon as he became able after his accident he diligently tried to find out the name of the truck or the company which owned it, hoping to be able to find the driver of the truck; that he became convinced that the truck was a White Provision truck, and went to that company and described the driver to the superintendent; that he was told that there was no such man there at that time; that as time passed he made every effort to contact the driver of the truck but was unable to do so; that after the trial of the case he went back to the White Provision Company and was informed that J. L. Loner probably was driving the truck on the night in question; that even after this he went to the house of Loner five times before he found him; that he exercised every diligence in trying to locate the driver. Also attached to the amended motion is an affidavit of J. L. Loner to the effect that on the night of the accident he was employed by the White Provision Company and had been so employed for twelve years; that at the time he lived at 1048 Tumlin Street in Atlanta, and was living there at the present time; that the persons whose names were included in the affidavit were acquainted with him, resided in his community, and knew of his character and credibility. The affidavits of the people who knew the witness stated that they had known him for periods of six years, six years, ten years, and twelve years respectively. The affidavit of counsel for plaintiff in error states that he was employed on November 23, 1937, and from the time of his employment he made every effort to locate the driver of the truck; that after he learned that the truck was probably a White Provision Company truck he "contacted" the superintendent of that company and was unable to locate the man who was driving on the night of the accident; that he urged his client up to and including the time of the trial to try to find this man; that from time to time his client notified him that he was unable to locate the driver. During the course of the trial of the case, while the plaintiff in error was testifying, he made the following statements: "Some one said there was a White Provision truck out there. . . I did not go to Atlanta with the White Provision truck. . . As to whether the man that was driving the White Provision truck saw me fall, . . I failed to go with the White Provision Company

truck. . . As to whether I know the other fellow, the White Provision man, . . the policeman told me the driver of the White Provision truck gave me fifty cents. . ." When the amendment to the motion for new trial was filed the brief of evidence was amended to include: "Question: Now, Mr. Brand, have you tried to find out, did you know the name of the man that was driving the White Provision truck? Answer: Yes, I got his name, I went to see him."

"Newly discovered evidence is not favored as a ground for new trial." *Moss* v. *State,* 44 *Ga. App.* 244 (161 S. E. 293), and cit. "A motion for new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the court, and his judgment overruling the motion on that ground will not be disturbed unless manifestly abused." *Lakes* v. *Lakes,* 171 *Ga.* 692 (2) (156 S. E. 620). The affidavits of the plaintiff in error and his counsel that they used every means to locate the witness, and were diligent in so searching for him are merely conclusions of the affiants, and these conclusions are not binding on the judge. It is entirely within his discretion as to whether or not he shall grant the motion. The facts as shown by the record show that the accident occurred in 1937, and this case was tried in 1940, and that the plaintiff in error referred numbers of times to the kind of a truck driven by the missing witness. He went further and testified that he had learned the name of the witness. Under such a state of facts it can not be held that the judge abused his discretion in denying the new trial on the ground of newly discovered evidence when it affirmatively appears that the name of the witness was known and the company for whom he worked was known. See, in this connection, *Patterson* v. *Collier,* 77 *Ga.* 292, 296 (3 S. E. 119); *Taylor* v. *State,* 132 *Ga.* 235 (63 S. E. 1116); *Lakes* v. *Lakes,* supra; *Evans* v. *Grier,* 29 *Ga. App.* 426 (115 S. E. 921); *Holder* v. *Farmers Exchange Bank,* 30 *Ga. App.* 400 (118 S. E. 467); *Moss* v. *State,* supra; *Evans* v. *State,* 46 *Ga.* 342 (167 S. E. 724); *Allison* v. *Garber,* 50 *Ga. App.* 333 (178 S. E. 158). The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*