29994. LANDERS *et al. v.* THE STATE.

DECIDED JANUARY 28, 1943.

*R. L. Addleton,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

GARDNER, J. The sole ground relied on by the plaintiff in error relates to alleged newly discovered evidence, and is based on two affidavits. One was executed by a witness who testified for the State, the other by a witness subpœnaed by the State but who was sworn and testified in behalf of the defendant. The prosecutor, in his statement, positively identified the defendants as the ones who assaulted and stabbed him. In the affidavits the two witnesses swore that after the trial they, for the first time, notified the defendants and their counsel that within one or two days following the encounter there was a conversation between the prosecutor and themselves in which the prosecutor stated that he did

not know who had stabbed him but that it was his purpose to testify that the defendants had done it, and that the prosecutor endeavored to procure the two witnesses to testify to the same effect. The State made a counter-showing by the prosecutor and the sheriff. The former to the effect that he had made no such statement to the witnesses or either of them; the sheriff to the effect that at the time the statements were alleged to have been made by the prosecutor he was confined in the hospital from the result of the stabbing and that it was impossible for the prosecutor to have been present at the time and place the alleged statements were made to the witnesses as set forth in their affidavits. The sheriff stated further, that the prosecutor informed him immediately after the affair that the defendants were the ones who had stabbed him.

Newly discovered evidence is not favored. *Brand* v. *Lawrenceville*, 64 *Ga. App.* 357 (13 S. E. 2d, 214). On an issue involving newly discovered evidence the trial court becomes the trior of the issue, and his judgment will not be disturbed unless manifestly abused. *Parker* v. *State,* 56 *Ga. App.* 14 (191 S. E. 924). It does not appear in this case that the judge abused his discretion. Newly discovered evidence which is merely impeaching in its nature is not good ground for a reversal. *Lemming* v. *State,* 61 *Ga. App.* 605 (7 S. E. 2d, 42), reads as follows: "The alleged newly discovered evidence tended only to impeach the State's witness. There are literally hundreds of decisions which hold that newly discovered evidence which is merely impeaching in its character is not a good ground for a new trial." The alleged newly discovered evidence is wholly impeaching in its nature. See the numerous citations of both the Supreme Court and this court in the annotations under Code § 70-204.

The court did not err in overruling the motion for new trial. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*