30544. HERRIN *v.* THE STATE.

DECIDED JULY 14, 1944.

*W. V. Lance, Bill Lance,* for plaintiff in error.

*G. Fred Kelley,* solicitor-general, *John L. Perkins, John E. Frankum,* contra.

GARDNER, J. This case is here on exceptions to the overruling of an extraordinary motion for new trial on the ground of newly discovered evidence. A conviction of the defendant for seduction was affirmed by this court on January 6, 1944. See *Herrin* v. *State,* 70 *Ga. App.* 485 (28 S. E. 2d, 587). The alleged newly discovered evidence is based on an affidavit of Everett Pittman, properly accompanied by the required supporting affidavits. The gist of the Pittman affidavit is that prior to the time that the female was alleged to have been seduced he had intercourse with her on numerous occasions. The State made a counter-showing. The trial judge set a date for the hearing of the issue thus formed. At the hearing the movant introduced Pittman's affidavit, together with the supporting affidavits. The State introduced the evidence adduced at the trial, and several affidavits; also oral testimony. The movant objected to the introduction of the evidence adduced at the trial, and also objected to the introduction of oral testimony. The judge overruled the objections, and after hearing the evidence, overruled the motion.

■ (*a*) In so far as the objection to the introduction of the record of the evidence adduced on the trial is concerned, we find no error. The only difference between an extraordinary motion for a new trial on newly discovered evidence, and a regular motion on that

■

ground, is the time of filing—the latter being filed during the term of the court at which the trial was had, and an extraordinary motion, after the term at which the trial was had. Code, §§ 70-301, 70-303. In each case both the trial court and this court are necessarily required to consider the alleged newly discovered evidence in the light of and in comparison with the evidence adduced at the trial, on which the conviction was based. This is true in order that the court may determine whether the alleged newly discovered evidence is merely cumulative or impeaching. So we see no injury done to the defendant in the instant case in allowing the introduction of the evidence adduced at the trial. Indeed, it would seem proper to do so in order that the court might have the whole record before it in passing upon the question presented. Of course we do not mean to say that portions of the evidence adduced at the trial unrelated to the question to be decided should be introduced. No doubt the trial judge will, in the exercise of his discretion, keep the record clear of this unnecessary incumbrance. There is no merit in this contention.

(b) The objection to the admission of oral testimony, over objection of the movant, is likewise without merit. The procedure with respect to extraordinary motions for new trial is similar to that with respect to applications for injunction, and the practice for obtaining testimony at a hearing on an extraordinary motion for a new trial is the same as at an interlocutory hearing on an application for injunction. Code § 38-2401. In *Chattanooga & Chicamauga Interurban Ry. Co.* v. *Morrison,* 140 *Ga.* 769 (3), 773 (79 S. E. 903) the Supreme Court said: "Generally such hearings have been by affidavits. But there is no inviolable sanctity about an affidavit as against oral evidence. It is a matter of practice. And where the witnesses are present and not objecting, we think the presiding judge has a discretion as to whether he will hear affidavits or oral testimony. Indeed every one who has presided as a judge on the circuit bench will doubtless recognize the fact that not infrequently the truth can be reached by a few pertinent questions, though it may be beclouded and obscured in pages of carefully prepared affidavits. It requires more time to hear oral evidence; but it is more important to learn the truth than to save time. Of course the power should be justly used so as not to entrap or work a hardship upon either party. Justice is the object to be obtained, and it should be reached by just means."

■ The issue involved in the motion in the instant case is based on the provisions of the Code, § 70-204, which read as follows: "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the court within the time allowed by law for entertaining a motion for a new trial." It is well settled that newly discovered evidence is not favored as a ground for new trial. *Young* v. *State,* 56 *Ga.* 403 (4); *Moss* v. *State,* 44 *Ga. App.* 244 (161 S. E. 293); *Kimball* v. *State,* 63 *Ga. App.* 183 (16), 190 (10 S. E. 2d, 240); *Brand* v. *Lawrenceville,* 64 *Ga. App.* 359 (13 S. E. 2d, 214); *Landers* v. *State,* 68 *Ga. App.* 804 (24 S. E. 2d, 139). Such ground is addressed to the sound discretion of the trial judge, and his refusal to grant a new trial on that ground will not be disturbed unless his discretion is manifestly abused. *Tolie* v. *State,* 184 *Ga.* 518 (192 S. E. 35); *McCoy* v. *State,* 191 *Ga.* 516 (5) (13 S. E. 2d, 183); *Taylor* v. *State,* 60 *Ga. App.* 594 (4 S. E. 2d, 484); *Kimball* v. *State,* supra; *Brand* v. *Lawrenceville,* supra. On the hearing of a motion for a new trial based on newly discovered evidence the trial judge becomes the trier of the facts. As to the exercise of his discretion in passing upon the issue formed by the counter-showing see *Phillips* v. *State,* 56 *Ga. App.* 463 (192 S. E. 840), wherein this court said: " 'Upon the hearing of a motion for new trial, and in the consideration of a ground of the motion dependent upon newly discovered evidence, where affidavits are introduced supporting and disputing the ground of the motion, the trial judge is the trier of the facts, and it is his province to determine the credibility of the conflicting facts and the contradictory witnesses. A reviewing court will not in such a case control his discretion as to the comparative credibility of the witnesses who testified in support of the motion and those who swore to the contrary.' *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116); *Central of Ga. Ry. Co.* v. *Clark,* 15 *Ga. App.* 16 (82 S. E. 600); *Tyre* v. *State,* 38 *Ga. App.* 206 (143 S. E. 778); *Rowland* v. *State,* 38 *Ga. App.* 664 (145 S. E. 100)." See also *Phillips* v. *State,* 21 *Ga. App.* 76 (94 S. E. 78). There are many other decisions to the same effect.

In the instant case Pittman set forth in his affidavit that on numerous occasions prior to the date of the alleged seduction he had had intercourse with the female alleged to have been seduced. Both at the trial of the case and at the hearing on the extraordinary motion for a new trial the female testified that she had never had intercourse with any other man except the accused. In addition to this the State introduced evidence on the hearing of the extraordinary motion that the reputation of Pittman was bad, and that he was unworthy of belief. The judge passed on the credibility of these witnesses and resolved the issue against the movant. If, as the State's evidence tended to show, Pittman was unworthy of belief, we might very readily assume that a jury would not believe him on another trial. He sought in a general way to attack the chastity of the woman at the trial, and could produce no convincing evidence that she was not virtuous before the alleged seduction. This court has decided this question in a case the facts of which are almost on all fours with the case at bar. We refer to the case of *Jackson* v. *State,* 56 *Ga. App.* 250 (3) (192 S. E. 454), in which it was said: "Where a ground of a motion for new trial was based on newly discovered evidence to the effect that the woman alleged to have been seduced was not virtuous in that the maker of the affidavit attached to the amendment to the motion for new trial stated that affiant himself had had intercourse with her, and where it appeared from the brief of evidence adduced on the trial, which was duly filed as a part of the record, that she testified that she was virtuous, and it also appeared from the brief of evidence that the defendant had sought to show at the trial that she was not virtuous, it was a case of oath against oath; and a presumption in favor of the verdict is sufficient, under all of the facts and circumstances of this case, at least to sustain the exercise of discretion by the judge in upholding the verdict."

Counsel for the plaintiff in error cite several decisions which are claimed to be authority on which they base their contention for a reversal: *Thomas* v. *State,* 52 *Ga.* 509; *Mathews* v. *State,* 56 *Ga.* 469; *Cooper* v. *State,* 91 *Ga.* 362 (18 S. E. 303) ; *Fellows* v. *State,* 114 *Ga.* 233 (39 S. E. 885) ; and *Grow* v. *State,* 5 *Ga. App.* 70 (62 S. E. 669). We have carefully read these decisions and because of their facts, which distinguish them from the instant case, there is no conflict in any of the decisions cited and what we con-

clude under the facts of this case. The court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*