## 24384. RAMIREZ v. THE STATE.

ALMAND, Presiding Justice. On March 29, 1966, Felix S. Ramirez was indicted by the Fulton County grand jury for burglary. On his trial before the court and jury, Ramirez was represented by counsel, and on April 18, 1966, he was convicted and sentenced to serve 15 years in the Georgia State Prison. In August of 1967 while confined in the State Prison in Tattnall County, Ramirez filed a motion in Fulton Superior Court, addressed to the Honorable Samuel Boykin, the judge who presided at his trial, which sought to have the judgment and sentence imposed upon him in April of 1966 vacated. In this motion he asserted that the sentence was imposed upon him "in violation of his United States Constitutional guarantees" in that the grand jury which indicted him "was picked from the tax digest of Fulton County." The prayers of the motion were that the sentence imposed upon him be reversed, vacated and nullified.

On August 9, 1967, Judge Boykin entered an order refusing to vacate the judgment and sentence. Movant's subsequent motion for a rehearing was denied on September 15, 1967. Notice of appeal was filed on September 26, 1967. Upon request the court appointed legal counsel to represent movant on appeal. Error is enumerated on the two orders of the trial judge. *Held:*

The movant designated his petition as an "Extraordinary Motion to Vacate Judgment and Sentence" which was filed a long time after the term of Fulton Superior Court at which movant was convicted. Though he asserts that the sentence imposed upon him violated his rights under the Federal Constitution, movant makes no attack upon any statute, but only charges that the procedure by which the grand jury that indicted him was drawn, violated the Federal Constitution. The motion does not seek any construction of the Federal Constitution, but involves only the application of a plain and unambiguous provision of the Constitution, and thus does not confer jurisdiction in this court under Art. VI, Sec. II, Par. IV of the Georgia Constitution (*Code Ann.* § 2-3704). *City of Atlanta v. Donald,* 220 Ga. 98 (137 SE2d 294); *Allen v. State,* 219 Ga. 777 (135 SE2d 885); *Jarvis v. State,* 197 Ga. 704 (30 SE2d 484).

Although the movant prayed that an order issue "to cause the

respondent to produce the body of petitioner/movant in court for a hearing," the petition can not be treated as one for a writ of habeas corpus. The movant is in the custody of the warden of the State Prison in Tattnall County, Ga. The Habeas Corpus Act of 1967 (Ga. L. 1967, p. 835) provides in Sections 2 and 3 that where any person is restrained of his liberty as a result of a sentence imposed upon him, he must file his petition for habeas corpus in the superior court of the county wherein he is being detained.

The jurisdiction to review this appeal is in the Court of Appeals, and not this court.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED NOVEMBER 15, 1967—DECIDED NOVEMBER 22, 1967.

Felix Stone Ramirez, *pro se, Hester & Hester, Frank B. Hester,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.