### 43170. BISHOP v. THE STATE.

PANNELL, Judge. The defendant was tried for the offense of robbery on an indictment containing four counts, and on May 7, 1947, the jury rendered a verdict of guilty on each count and on the following day he was sentenced by the trial judge on each count. On the day of his sentences he filed motions for new trial on each count which were dismissed on September 19, 1947, by the attorneys for defendant with the approval of the trial judge. On April 10, 1967, the defendant filed what he termed an "extraordinary motion to vacate and set aside judgment, conviction, and sentence." On May 17, 1967, the court overruled the motion. *Held:*

1. A motion to set aside the judgment and sentence is not an appropriate remedy in a criminal case (*Waits v. State,* 204 Ga. 295 (1) (49 SE2d 492) ; *Roseberry v. State,* 81 Ga. App. 790 (60 SE2d 187) ; *McDonald v. State,* 126 Ga. 536 (55 SE 235) ; *Riley v. State,* 107 Ga. App. 639 (3) (131 SE2d 124).

2. Any matter which could have been complained of in the original motion for new trial will not constitute ground for an extraordinary motion. *Frank v. State,* 142 Ga. 741 (3, 4) (83 SE 645, LRA 1915D 817) ; *King v. State,* 174 Ga. 432 (2) (163 SE 168). Extraordinary motions for new trial cannot be based upon matters that were known by the movant in time to have stated them in his original motion or that could have been discovered in time by proper diligence. *Malone*

*v. Hopkins*, 49 Ga. 221. See also *Sumner v. Sumner*, 186 Ga. 390 (1) (197 SE 833). Treating the motion as an extraordinary motion for new trial, and applying the above rulings thereto, we must hold that the trial judge did not abuse his discretion in refusing to issue the rule nisi and in dismissing the motion, there being no showing of proper diligence on the part of the defendant. " 'When an extraordinary motion for new trial is entirely without merit, it is proper for the judge to decline to entertain the same and to refuse to grant a rule nisi thereon.' *Harris v. Roan*, 119 Ga. 379 (5) (46 SE 433); *Cox v. State*, 19 Ga. App. 283 (2) (91 SE 422); *Loomis v. Edwards*, 80 Ga. App. 396 (56 SE2d 183)." *Fulford v. State*, 222 Ga. 846 (152 SE2d 845). See also *Williams v. State*, 211 Ga. 763 (88 SE2d 376); *McRae v. State*, 116 Ga. App. 407 (1) (157 SE2d 646).

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

ARGUED NOVEMBER 8, 1967—DECIDED JANUARY 15, 1968.

Joe Lee Bishop, *pro se, Wendell J. Helton,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.