## 43557. BEAVERS v. THE STATE.

QUILLIAN, Judge. Herman E. Beavers filed what he denominated an "extraordinary motion in forma pauperis" in Fulton Superior Court. The petitioner alleged that he is a prisoner confined in Georgia State Prison at Reidsville, Georgia, under sentences of the Fulton Superior Court; that the sentences were imposed upon him in violation of the laws of Georgia and are null and void; that evidence of his contentions is shown upon the face of the records in that no warrant for his arrest nor a warrant for the search and seizure of his property appears in the files of the clerk of court; that he was so informed in a letter from the clerk of court; that he has proclaimed his innocence of the charges for which he stands convicted; that such convictions were based on illegal and unlawfully obtained evidence. The prayers were for a rule nisi that the sentences be declared null and void and vacated. The trial judge after considering the petition and its allegations declined to issue a rule nisi and held that the motion did not set forth any sufficient grounds for holding the attacked sentences null and void. From this judgment appeal was taken. *Held:*

A motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case (*Waits v. State,* 204 Ga. 295 (49 SE2d 492)); nor can the instant motion be considered as a petition for habeas corpus since under the rule in *Ramirez v. State,* 223 Ga. 815 (158 SE2d 238), it was not filed in the superior court of the county where the petitioner is being detained. Treating the appellant's motion as tantamount to an extraordinary motion for new trial (see *Bishop v. State,* 117 Ga. App. 93 (159 SE2d 477)) the rule is applicable: "When an extraordinary motion for new trial is entirely without merit, it is proper for the judge to decline to entertain the same and to refuse to grant a rule nisi thereon." *Fulford v. State,* 222 Ga. 846, 847 (152 SE2d 845); *Cox v. State,* 19 Ga. App. 283 (91 SE 422); *Loomis v. Edwards,* 80 Ga. App. 396 (56 SE2d 183); *Harris v. Roan,* 119 Ga. 379 (46 SE 433).

Since this motion was based upon matter which could have been complained of by original motion for new trial or which, at that time, was known by the movant or could have been discovered by proper diligence, the trial judge did not err in declining to issue the rule nisi and holding that the motion

was insufficient as a matter of law. *Bishop v. State,* 117 Ga. App. 93 (2), supra.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED APRIL 2, 1968—DECIDED MAY 21, 1968.

Herman E. Beavers, *pro se, Margaret Hopkins,* for appellant. *Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.