## 44164. HATFIELD v. THE STATE.

DEEN, Judge. 1. The defendant on April 18, 1967, being represented by paid counsel, pleaded guilty to the offense of larceny of an automobile and was sentenced to fine and im-

prisonment, a portion of the imprisonment to be probated upon payment of the fine. In September 1968, he prepared and mailed to the Superior Court of Fulton County a motion styled in the larceny case, titled "Extraordinary motion to vacate and set aside illegal conviction," upon which an order of dismissal was entered by a judge of that court on October 9. The motion sets out certain facts which might have been urged in defense of the action as constituting a lack of intent to steal. It further alleges that the defendant has a lengthy psychiatric history and that it was incumbent upon his attorney to request a psychiatric examination at the time of trial, but fails to allege that the defendant was insane at the time he entered his guilty plea, nor does he state any other circumstances from which it appears that the plea was entered as a result of fraud, accident, mistake or coercion. It is not contended that the defendant, who prepared his own motion, was legally insane at the time either of the commission of the act or the trial of the case. The petition cannot be considered as an application for writ of habeas corpus, because it was not filed in the county where the petitioner is detained (*Beavers v. State,* 117 Ga. App. 801 (161 SE2d 891)), or as a motion to set aside, because not predicated on a defect appearing on the face of the record (*Code* § 110-702), or as an extraordinary motion for new trial (*King v. State,* 174 Ga. 432 (1) (163 SE 168)). Under the ruling in *Archer v. Clark,* 202 Ga. 229 (42 SE2d 924) the judge of the superior court properly dismissed the petition.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 9, 1969—DECIDED JANUARY 27, 1969.

*Margaret Hopkins,* for appellant.

*Lewis R. Slaton, Solicitor General, Tony H. Hight, Joel M. Feldman,* for appellee.