## 45379. HUFFAKER v. THE STATE.

QUILLIAN, Judge. W. D. Huffaker was indicted by the grand jury of Fulton County for the offense of false swearing. Upon the trial the jury returned a verdict of guilty and judgment was entered thereon sentencing the defendant to 3 years. Thereafter, defendant's amended motion for new trial was overruled. The case was appealed to this court which affirmed the lower court, and subsequently denied a motion for rehearing. *Huffaker v. State,* 119 Ga. App. 742 (168 SE2d 895). Application for certiorari to the Supreme Court was denied. The defendant then filed with the trial court an extraordinary motion for new trial upon which a rule nisi was issued. A counter showing was filed by the district attorney and later supplemented. The trial judge entered an order vacating and setting aside the previous rule nisi, and appeal was taken from that order. *Held:*

The extraordinary motion for new trial was based on the affidavit of one Emory N. Brown, who offered an explanation as to how he came into possession of the boat which the defendant's sworn statement to his insurance company claimed had sunk. The affiant Brown stated that upon hearing of the boat's sinking, based on his previous knowledge, he went to a lower point in the river and found the boat and subsequently mortgaged it in Florida.

The State in the countershowing set out the following grounds. (1) The alleged newly discovered witness was unworthy of belief. In support of this contention were attached 2 affidavits stating that the affiants were familiar with the reputation of the witness and that they would not believe him under oath. The State also introduced certified copies of prior felony convictions of the witness. (2) The affidavit of the witness did not state the boat sank. (3) The witness's whereabouts and alleged knowledge of material evidence was known to the defendant at the time of trial and during the time in which the original motion for new trial was pending, and thus there was no showing of reasonable diligence. It also brought out that one reason for the original charge against the defendant was the fact that the witness had mortgaged the boat in Florida after it had been reported as lost.

In his order vacating and setting aside the rule nisi, the trial judge made the following findings: (1) that on investigation of the credibility of the affiant—"the court is of the opinion that the said affiant is not worthy of belief"; (2) that the affiant was present in the detention room of the courthouse during the defendant's trial and was brought into the courtroom on several occasions during the trial for purposes of identification; and that the defendant and his counsel had full access to the affiant and failed to call him as a witness or to use diligence; (3) that, the Supreme Court of Georgia had affirmed the defendant's conviction, the defendant had been notified to appear and had failed and refused to do so, so his bond had been forfeited and a warrant issued for his arrest.

In *Loomis v. Edwards,* 80 Ga. App. 396 (56 SE2d 183), this court held that if a trial judge upon examination of the record determines as a matter of law that an extraordinary motion for new trial is without merit, he may decline to entertain it; that even if he had granted the rule nisi, he might subsequently dismiss it upon making an examination of its lack of merit. "When an extraordinary motion for new trial is entirely without merit, it is proper for the judge to decline to entertain the same and to refuse to grant a rule nisi thereon." *Fulford v. State,* 222 Ga. 846, 847 (152 SE2d 845). See *Bishop v. State,* 117 Ga. App. 93 (2) (159 SE2d 477), and *Beavers v. State,* 117 Ga. App. 801 (161 SE2d 891).

In passing upon an extraordinary motion for new trial, the trial judge may consider oral testimony or affidavits. *Herrin v. State,* 71 Ga. App. 384, 386 (31 SE2d 124); *Brown v. State,* 141 Ga. 783, 788 (82 SE 238). In making a determination on the merits the trial judge has a broad discretion which will not be controlled absent abuse as a matter of law. *Rogers v. State,* 18 Ga. App. 702 (90 SE 356); *Herrin v. State,* 71 Ga. App. 384, 387, supra. This is especially true where an issue as to an affiant's credibility is presented. *Jefferson v. State,* 137 Ga. 382 (73 SE 499); *Ivey v. State,* 154 Ga. 63 (113 SE 175); *Cooper v. Peevy,* 185 Ga. 805 (196 SE 705). Likewise, where there is a showing that the movant failed to exercise diligence in obtaining the alleged newly discovered evidence, the motion may be denied.

*Huguley v. State,* 120 Ga. App. 332 (1 b) (170 SE2d 450); *Dyal v. State,* 121 Ga. App. 50 (1) (172 SE2d 326).

Since there was proof offered from which the trial judge might find a lack of credibility of the affiant and a lack of diligence on the part of the movant, it was not reversible error for the trial judge to set aside the rule nisi. *Bishop v. State,* 117 Ga. App. 93, supra. See *Brown v. State,* 141 Ga. 783, supra.

Furthermore, it is well settled that the escape of the defendant and thus his absence from the jurisdiction of the court is ground for such court declining to render a judgment based on the merits of his case. *Gentry v. State,* 91 Ga. 669 (17 SE 956); *Blalock v. Corpe,* 215 Ga. 61 (108 SE2d 715); *Gravitt v. State,* 221 Ga. 812 (147 SE2d 447). This is true because, since he has placed himself in a position not to be amenable to the court's ruling, he is not entitled to seek its aid. *Gentry v. State,* 91 Ga. 669, 673, supra. The defendant's failure to appear within a reasonable time was an additional ground for the trial judge to dismiss the extraordinary motion for new trial. *James v. State,* 162 Ga. 42 (1) (132 SE 417).

Even if we consider the affidavits which were offered in support of a motion to grant bail and filed at the same time as a notice of appeal, they would be of no avail in considering the merits of the trial judge's ruling on February 6, 1970, at which time the defendant, despite his motives, was still a fugitive.

For each of the foregoing reasons the trial judge did not err in vacating the rule nisi.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
Argued June 1, 1970—Decided October 8, 1970—
Rehearing denied November 9, 1970.

*Byrd, Groover & Buford, Garland T. Byrd, Denmark Groover, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Carter Goode,* for appellee.