## 46193.   LEE v. THE STATE.

QUILLIAN, Judge. Petitioner brought what is denominated an "extraordinary motion to vacate sentence and judgment." The motion alleged that a conviction entered against him over 3 years prior to the filing of such motion was illegal because counsel employed by petitioner's family to defend him failed to properly represent him and tendered in his behalf a plea of guilty contrary to his desires and without his authorization. The trial judge entered an order dismissing the "extraordinary motion." Appeal was taken from that order. *Held:*

"A motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case." *Waits v. State,* 204 Ga. 295 (49 SE2d 492). The motion in the case sub judice cannot be considered as an application for a writ of habeas corpus since it was not filed in the county of the petitioner's detention (*Beavers v. State,* 117 Ga. App. 801 (161 SE2d 891); *Ramirez v. State,* 223 Ga. 815 (158 SE2d 238)), nor does the motion meet the requirements of a writ of error coram nobis (*South v. State,* 72 Ga. App. 79 (33 SE2d 23); *Harris v. State,* 225 Ga. 458 (169 SE2d 331)), or an extraordinary motion for new trial. See *Bishop v. State,* 117 Ga. App. 93 (159 SE2d 477); *Huguley v. State,* 120 Ga. App. 332 (170 SE2d 450). Furthermore, under the ruling of *Hatfield v. State,* 119 Ga. App. 110 (166 SE2d 431), and *Archer v. Clark,* 202 Ga. 229 (42 SE2d 924), the grounds of the "extraordinary motion" were without merit and the trial judge did not err in dismissing it.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
SUBMITTED MAY 5, 1971—DECIDED OCTOBER 1, 1971.

William Lee, *pro se.*
*George D. Lawrence, District Attorney,* for appellee.