**James Larry JOHNSON, Petitioner-Appellant,**

v.

**E. B. CALDWELL, Warden, Georgia State Prison, Respondent-Appellee.**

No. 72-1324

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 7, 1972.

Thomas E. Baynes, Asst. Professor of Business Law, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, David L. G. King, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The sole issue on this appeal is the alleged ineffective assistance of Johnson's counsel. After conviction in a Georgia state court, but before notice of appeal had been filed with the Georgia Supreme Court, Johnson escaped from state custody. In a letter to the trial judge, Johnson's counsel stated his intention not to file a notice of appeal and asked to be relieved as counsel on the ground that the Georgia law dictated that when a convicted person escapes from custody his appeal would be dismissed as moot. The counsel's motion was granted.

The Georgia Supreme Court, on appeal from a habeas corpus denial, held that counsel was not ineffective when he failed to file the notice of appeal because of Johnson's escape. Johnson v. Smith, 227 Ga. 611, 182 S.E.2d 101 (1971). This holding accords with prior Georgia decisions which have uniformly dismissed appeals in such cases as moot. *See* Gentry v. State, 91 Ga. 669, 17 S.E. 956 (1893); Huffaher v. State, 122 Ga.App. 773, 178 S.E.2d 718 (1970). As a matter of law, the refusal of counsel to pursue this legal dead end did not render his representation ineffective.

Affirmed.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.