## 60941. COLLIER v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for simple battery (Count 1) and armed robbery (Count 3). Held:

1. The first enumeration claims error because the trial court denied a motion for a new trial based on the general grounds. The state's evidence on Count 1 shows that defendant was arrested when he was observed by a police officer striking the alleged victim. On Count 3 the alleged victim testified that defendant, whom he identified in court, drove him to an isolated location, struck him in the head with a lug wrench rendering him unconscious, and took his money, billfold, suitcase and clothing. Defendant denied being present at either of the crimes and presented evidence in the nature of alibi.

"After a jury has returned a verdict of guilty and the defendant seeks a reversal of his conviction by arguing that the trial court erred in failing to grant a motion for a new trial on the general grounds, the only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. [Cit.] It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. [Cits.]" *Laws v. State,* 153 Ga. App. 166 (1) (264 SE2d 700).

Applying the foregoing standard our examination of the evidence finds it sufficient to authorize a rational jury to find

defendant guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (1) (259 SE2d 133).

2. The remaining enumeration contends that the trial court erred in failing to grant a motion for a directed verdict because the alleged victim in Count 1 did not testify. We find no error.

An alleged victim's testimony is not required to convict (in homicide cases, for example, such testimony is never available), if there are other witnesses, as there were in this case, who can testify that defendant committed acts which establish the elements of the offense. *Brown v. State,* 147 Ga. App. 638 (1) (249 SE2d 689); *Heard v. State,* 126 Ga. App. 62 (3) (189 SE2d 895).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1981.

*Vernon S. Pitts, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Assistant District Attorneys,* for appellee.