## 67161. COLLIER v. THE STATE.

McMURRAY, Presiding Judge.

This involves another appeal in the defendant's efforts to obtain a new trial following his conviction of simple battery and armed robbery. In *Collier v. State,* 157 Ga. App. 109 (276 SE2d 262), defendant's conviction was affirmed following the denial of his motion for new trial. Thereafter he has filed numerous pleadings and ancillary applications in the nature of habeas corpus and motions to have the court grant him a new trial. He has attempted to try his case again but to no avail.

The present appeal is one to review the adverse decision denying his extraordinary motion for new trial which appears to be his latest effort to obtain same. The motion to which the trial court's order refers is one seeking a new trial because the evidence in the light most favorable for the state was insufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt; and, in the exercise of its discretion, the trial court should have granted the defendant a new trial. However, in *Collier v. State,* 157 Ga. App. 109 (1), supra, we considered this self-same issue and held that the evidence was sufficient to support the verdict. In defendant's enumerations of error here he presents no grounds upon which an extraordinary motion for new trial could be based, considered and granted. The defendant merely recites certain documentary evidence which would create a conflict as to whether or not he was the individual who robbed the victim. As stated in OCGA § 5-5-23 (formerly Code § 70-204), material evidence "not merely cumulative

or impeaching in its character but relating to new and material facts" is necessary to be "discovered by the applicant after the rendition of a verdict against him" in order for a new trial to be granted. This is not the case here. See *Vinson v. State,* 127 Ga. App. 607, 608-609 (3) (194 SE2d 583); *Thomas v. State,* 240 Ga. 454, 456-457 (2) (241 SE2d 204). Compare *Lee v. State,* 146 Ga. App. 189, 191 (II) (245 SE2d 878). Aside from the fact that the defendant has failed utterly to be diligent and to support his motion with reference to newly discovered evidence by affidavits as to same we have examined each and every one of his enumerations of error and have found no grounds to reverse the trial court in denying his extraordinary motion for new trial. See in this connection OCGA § 5-5-41 (formerly Code § 70-303) with reference to the requirements of law as to the filing of an extraordinary motion for new trial. *Huffaker v. State,* 122 Ga. App. 773, 774 (178 SE2d 718); *Lee v. State,* 124 Ga. App. 492 (184 SE2d 229); *Bradley v. State,* 143 Ga. App. 767 (240 SE2d 124); *Allen v. State,* 146 Ga. App. 260 (246 SE2d 120); *Gaddis v. State,* 245 Ga. 200 (265 SE2d 275).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 28, 1983 —

Jerry L. Collier, *pro se.*
Michael J. Bowers, *Attorney General,* for appellee.