## 68054. GAYE v. THE STATE.

BANKE, Judge.

Following a non-jury trial, the appellant was convicted of simple battery and simple assault. In this pro se appeal, he asserts that the evidence was insufficient to sustain the convictions and that his court-appointed trial counsel provided ineffective representation.

The trial was not reported, and consequently no transcript of the evidence is before us. However, the record does include a narrative summary of the evidence, which was prepared by the the trial judge pursuant to OCGA § 5-6-41 (g). It appears from this summary that the state's only witness was the alleged assault victim, Milton Arnold. Arnold testified that as he and a companion, Timothy Shack, were leaving a MARTA train station in Atlanta, the appellant made obscene statements to them, grabbed Shack on the buttocks, threw a bottle at them as they were trying to walk away, and then slashed at them with a razor after Shack caught the bottle and threw it back. The appellant admitted that he had confronted Arnold and Shack

outside the MARTA station but testified that he had done so to protect two unidentified boys whom they were harassing. He maintained that he had pulled out the razor to defend himself after Shack hit him with the bottle. *Held*:

1. The state's motion to dismiss the appeal is denied.

2. Conflicts in the testimony of the witnesses are to be resolved by the trier of fact rather than by the appellate courts. See generally *Buckler v. State*, 165 Ga. App. 550 (302 SE2d 123) (1983). The state was not required to call Shack as a witness but was entitled to rely on other testimony to establish that the appellant had committed a battery upon him as charged in the accusation. See *Collier v. State*, 157 Ga. App. 109, 110 (2) (276 SE2d 262) (1981). The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was guilty of both offenses. See generally *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). The appellant's first six enumerations of error are consequently without merit.

3. There is no evidence to support the appellant's allegations that his appointed counsel provided ineffective assistance. It follows that the last two enumerations of error are also without merit.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1984.

Richard Gaye, *pro se.*

*James L. Webb, Solicitor, Deborah S. Greene, Christine A. Craddock, Assistant Solicitors*, for appellee.