The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Christopher Edwin BROWN, Defendant–Appellant.

No. 08CA1592.

Colorado Court of Appeals, Div. IV.

March 4, 2010.

John W. Suthers, Attorney General, Jennifer A. Berman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Lynn M. Noesner, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CONNELLY.

A former fugitive claims his attorney was ineffective in failing to perfect an appeal while he was on the lam. We affirm the trial court's order denying relief on this claim.

## I. Background

Defendant, Christopher Edwin Brown, was convicted of drug felonies after a jury trial in which he was represented by retained counsel. He was sentenced to four years in the Department of Corrections, but the trial court allowed him to remain free on bond pending appeal. Defendant's attorney timely noticed an appeal, and he took initial steps to compile the appellate record.

The People subsequently asked the trial court to revoke the appeal bond and issue an arrest warrant. The trial court revoked bond, issued a warrant, and set a bond forfeiture hearing. Defendant did not appear, and his counsel stated defendant apparently was a fugitive.

Defense counsel filed a motion with this court seeking to withdraw from appellate representation. This motion was sent to defendant's residence, but defendant filed no objection. A division of this court issued an order granting counsel's motion to withdraw.

The appeal remained pending for several months. Some three months after counsel was allowed to withdraw, an order directed the pro se defendant to show cause why the appeal should not be dismissed for failure to complete the record. Defendant did not respond to this order, which had been mailed to his address. Two months later, in November 2004, the appeal was dismissed.

Defendant intentionally remained a fugitive, with an outstanding warrant, for almost three years. He finally was apprehended in July 2007.

After his arrest, defendant filed a Crim. P. 35(c) motion. The motion, filed by newly appointed counsel, claimed that defendant's retained trial counsel was ineffective for not perfecting his appeal.

The trial court denied the motion after a hearing in which defendant and his trial counsel testified. It ruled that defendant had been prejudiced by dismissal of the appeal because he had a meritorious appellate challenge to an erroneous jury instruction that likely would have led to reversal of his conviction. It concluded, nonetheless, that defense counsel had not performed deficiently.

## II. Discussion

A defendant claiming ineffective assistance must show that counsel's performance was deficient and that the performance caused prejudice. *Strickland v. Washington,*

466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We defer to trial court factual findings but independently review the ultimate determinations on *Strickland's* performance and prejudice prongs. *Carmichael v. People,* 206 P.3d 800, 807–08 (Colo.2009); *Dunlap v. People,* 173 P.3d 1054, 1063 (Colo. 2007).

We hold that defendant failed to establish legally cognizable prejudice. Accordingly, we affirm the order denying relief on a different basis than the one relied on by the trial court.

■ The requisite prejudice where counsel negligently failed to perfect an appeal differs from the outcome-determinative prejudice required for most other types of *Strickland* claims. *People v. Long,* 126 P.3d 284, 286 (Colo.App.2005). A defendant need not show that meritorious appellate issues likely would have led to reversal. *Id.* Rather, prejudice is shown if counsel's fault caused "forfeiture" of an appeal that the defendant otherwise could and would have pursued. *Roe v. Flores–Ortega,* 528 U.S. 470, 484–86, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

■ The reason defendants need show only that their appeal was forfeited, and not that it would have succeeded, is that there is a fundamental right to direct appeals of criminal convictions. *See People v. Baker,* 104 P.3d 893, 895 (Colo.2005). Prejudice is presumed where counsel's deficient performance deprived a defendant of a judicial proceeding "to which he had a right." *Flores–Ortega,* 528 U.S. at 483, 120 S.Ct. 1029; *see People v. Valdez,* 178 P.3d 1269, 1278–80 (Colo.App. 2007) (discussing *Flores–Ortega, Baker,* and *Long* ).

■ The ineffective assistance claim fails here because counsel's performance could not have deprived defendant of an appeal to which he otherwise was entitled. Defendant's own flight from justice, not counsel's performance, forfeited his right to an appeal.

■ It "has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega–Rodriguez v. United States,*

507 U.S. 234, 239, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) (citing cases dating back to *Smith v. United States,* 94 U.S. 97, 24 L.Ed. 32 (1876)); *see also Molinaro v. New Jersey,* 396 U.S. 365, 365–66, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (dismissing appeal of defendant on bond who became fugitive by not surrendering). Colorado appellate courts have recognized and applied this doctrine. *See People v. Brewster,* 240 P.3d 291, ———— (Colo.App.2009); *People v. Anderson,* 39 Colo.App. 497, 497–98, 566 P.2d 1369, 1369 (1977).

■ By fleeing from justice while his appeal was pending, defendant "forfeited his right to appellate review under the fugitive disentitlement doctrine." *Parretti v. United States,* 143 F.3d 508, 511 (9th Cir.1998). He had no right to have counsel pursue his appeal while remaining a fugitive. *See United States v. Vasquez–Gutierrez,* 335 F.3d 731, 732 (8th Cir.2003) ("acknowledging defense counsel's commendable diligence" in arguing appeal, but holding that "a defendant [who] has voluntarily fled—and remains a fugitive [during appeal]—is not entitled to appellate relief").

Counsel's performance, therefore, could not have prejudiced defendant by causing forfeiture of an appeal "to which [defendant] had a right," *Flores–Ortega,* 528 U.S. at 483, 120 S.Ct. 1029. We note that federal courts similarly have held that prejudice cannot be established where a defendant complains of an attorney's failure to perfect an appeal while the defendant was a fugitive. *See, e.g., Katz v. United States,* 920 F.2d 610, 613–14 (9th Cir.1990); *Dziurgot v. Luther,* 897 F.2d 1222, 1223–24 (1st Cir.1990); *Wayne v. Wyrick,* 646 F.2d 1268, 1270–71 (8th Cir.1981); *Johnson v. Caldwell,* 458 F.2d 505, 505 (5th Cir.1972).

### III. Conclusion

The order denying Rule 35 relief is affirmed.

Judge WEBB and Judge TERRY concur.